HENRY WARNER *vs.* CALEB G. COLLINS.

Suffolk.   March 21. — April 3, 1883.   DEVENS & W. ALLEN, JJ., absent.

An affidavit, which has been used in evidence at a hearing in the Superior Court, upon objections to an award made pursuant to a submission to arbitration, under the Gen. Sts. *c.* 147, if sent up with the record, upon an appeal from an order overruling the objections and entering judgment on the award, forms no part of the record, and cannot be considered by this court.

It is no objection to the acceptance of an award made pursuant to a submission to arbitration, under the Gen. Sts. *c.* 147, that it does not appear on the face of the award that the parties were heard, or had opportunity to be heard, by the arbitrator.

In the absence of a provision concerning costs and expenses in a submission to arbitration, under the Gen. Sts. *c.* 147, the arbitrator has authority by § 11 to award compensation for his own services and the costs of court, but has no authority to award that the losing party shall pay the counsel fees of the other party; and such erroneous part may be stricken out, without invalidating the rest of the award.

COLBURN, J.   This is an appeal from an order of the Superior Court, overruling objections filed, and entering judgment on an

award, made pursuant to a submission to arbitration, under the Gen. Sts. *c.* 147. Section 12 authorizes an appeal to this court, "from any order or judgment of the Superior Court, founded on matter of law, apparent upon the record, on any award made under this chapter;" and authorizes this court to "render such judgment as the court below ought to have rendered."

Two affidavits are sent up with the record, which probably had been used in evidence at the hearing upon the objections to the award, but they form no part of the record and cannot be considered by us.

The defendant objects to the acceptance of the award, for the alleged reason that there was no hearing of the parties or their witnesses before the arbitrator, and that the defendant had no notice from the arbitrator of any time and place appointed for such hearing.

It is not necessary that it should appear, on the face of the award, that the parties were heard, or had opportunity to be heard, by the arbitrator. *Leominster* v. *Fitchburg & Worcester Railroad*, 7 Allen, 38. *Houghton* v. *Burroughs*, 18 N. H. 499. *Lutz* v. *Linthicum*, 8 Pet. 165. Morse on Arbitration and Award, 276.

It does not appear by the award that the parties were not heard as fully as they wished; and the question of how far the parties were heard, or had opportunity to be heard, was determined by the Superior Court upon a hearing of evidence, and this determination cannot be revised on appeal.

The defendant further objects that the arbitrator had no right to insert in the award compensation for his services, and award payment of the lawyer's fees of the plaintiff.

There was no provision in this submission concerning costs and expenses, and in the absence of such provision § 11 of the statute authorized the arbitrator to make such award respecting them as he judged reasonable, including a compensation for his services.

The award for payment of the services of the arbitrator and the costs of court was fully authorized by the statute, but the arbitrator had no authority to award that the defendant should pay the "lawyer's expenses" to which the plaintiff had been subjected. This error, however, does not render the whole

award invalid; the erroneous part can be stricken out, without affecting the rest of the award. *Shirley* v. *Shattuck*, 4 Cush. 470. *Maynard* v. *Frederick*, 7 Cush. 247. *Hubbell* v. *Bissell*, 2 Allen, 196. Morse on Arbitration and Award, 463, and cases cited.

The order must be judgment on the award, except the part awarding " lawyer's expenses " to the plaintiff.

*H. P. Harriman*, for the defendant.

*H. N. Shepard*, for the plaintiff.