JOHN T. HICKS *vs.* GEORGE A. GRAVES & others.

Middlesex.    January 15, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Appeal.

An appeal to the full court from a judgment of the Superior Court under R. L.
c. 173, § 96, brings before this court only matters of law apparent on the record.
On an appeal to the full court from a judgment of the Superior Court under R. L.
c. 173, § 96, the stenographer's report of the evidence in the Superior Court is
not a part of the record of that court and is not brought before this court by the
appeal.

KNOWLTON, C. J.    This action for a conspiracy comes to this
court on an appeal from a judgment for the defendants in the
Superior Court.    Our only jurisdiction to deal with the case is that
given by R. L. c. 173, § 96, which opens for revision only mat-
ters of law apparent on the record.    The plaintiff seems to have
a mistaken opinion that we have power to consider the merits
of his case on matters of fact.

A careful reading of all the several voluminous papers that
have been brought before us discloses no matter of law within
our jurisdiction.    Exceptions were taken at one stage of the case,
but the bill which was presented to the court was disallowed.
If the plaintiff was aggrieved by the action of the Superior
Court on this bill of exceptions, his only remedy was by filing a
petition to this court to establish his exceptions.    R. L. c. 173,
§ 110.    No such petition has been filed.    If the later action of
the plaintiff in regard to the order denying a motion for a new
trial can be treated as an exception, the only way in which the
plaintiff could avail himself of it was by filing a bill of excep-
tions.    R. L. c. 173, § 106.    This he failed to do.

The stenographer's report of the evidence is not a part of the
record, and it cannot be considered as presenting questions of
law on an appeal of this kind.    The record shows no error of
law in the disposition of the case.

If there was in the case any important question of law, the
decision of which by the Superior Court was fairly questionable,

which we do not intimate, the plaintiff has failed to take the measures prescribed by the statutes for bringing it before us for revision.    Our action must be limited by our jurisdiction created by the statutes.

*Judgment affirmed.*

*J. T. Hicks, pro se.*

*H. Albers,* (*T. W. Proctor & J. W. Keith* with him,) for the defendants.