MARY LEMAY *vs.* SPRINGFIELD STREET RAILWAY COMPANY.
TWILLA LEMAY *vs.* SAME.
PHILLINESE RATELLE *vs.* SAME.

Hampden.    January 19, 1912. — February 28, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Appeal.

After the decision of this court in *Lemay v. Springfield Street Railway,* reported in 210 Mass. 63, the Superior Court allowed the plaintiffs to amend their declarations by adding in each case a count alleging that the injuries sued for were caused by a defect in a car of the defendant and a failure to inspect it properly. Thereupon by the terms of the conditional rescripts of this court the defendant's exceptions were overruled, and in the Superior Court judgments were entered on the verdicts for the plaintiffs. The defendant appealed from the judgments. *Held,* that, if it were assumed that the question, whether there was any evidence of a defect or of a failure to inspect, was open to the defendant on its appeals, that question was decided against the defendant when the cases were previously before this court.

MORTON, J. These cases were here on the defendant's exceptions and are reported in 210 Mass. 63. It was there held that, as the declaration stood, the twenty-fifth and twenty-sixth requests, which raised a question as to the plaintiffs' right to recover for a defect in the car and for failure on the part of the defendant to inspect it and which are the only ones now relied on by the defendant, should have been given because the count on which the case went to the jury alleged only that the car was carelessly operated and did not allege that it was defective or that the defendant had failed to inspect it. But it was said in the opinion that "the bill of exceptions seems to indicate that the defendant was fully heard upon this question, and it was fairly submitted to the jury. It follows that if the plaintiffs' declarations shall be amended so as to present this issue, justice does not demand a new trial." The rescript directed the following entry to be made: "Exceptions overruled if the plaintiff shall be allowed to amend her declaration within sixty days from the filing of this rescript so as to rely upon a claim that the accident was caused by a defect in the defendant's

car, and also that it was caused by the defendant's failure to inspect the car.  Otherwise, exceptions sustained."

The plaintiffs were allowed to amend their declarations by adding in each case a second count setting out that the accident was caused by a defect in the car and a failure to properly inspect it, and thereupon judgments were entered on the verdicts for the plaintiffs.  The defendant appealed.  It does not contend that the amendments were not properly allowed.

If we assume in favor of the defendant that the question whether there was any evidence of a defect or of failure to inspect is now open to it, the conclusive answer to its contention that there was not is that the question was decided against it when the cases were here before.  The verdicts were general and from the opinion then rendered it plainly appears that the court thought that the question, whether the accident was due to a defect in the car or to lack of proper inspection, though not raised in the pleadings, had been fully and fairly tried and submitted to the jury; and that there was evidence warranting a finding for the plaintiffs on the issue thus raised as well as on that raised by the declaration as it originally stood, and so decided.

It follows that the judgments should be affirmed.

*So ordered.*

*J. B. Ely,* for the defendant.
*E. W. Beattie, Jr.,* for the plaintiffs.