HENRY C. BACON, trustee, vs. CHARLES P. GEORGE.

Suffolk.    November 13, 1913. — February 26, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Appeal, Motion for judgment.

In an action for a conversion in which a trustee in bankruptcy, appointed in proceedings begun after the commencement of the action, had been substituted as plaintiff, a verdict for the plaintiff was ordered by the trial judge, who thereupon reported the case to this court, and a rescript was issued, which directed among other things that, if an amendment were allowed within a certain time changing the position of the trustee to that of one beneficially interested in an action prosecuted in the name of the original plaintiff, such proceedings thereafter should be had, either by way of judgment upon the verdict or a new trial or otherwise, as to the Superior Court should seem just and proper. Thereafter such an amendment was allowed, and later on a separate motion judgment was entered on the verdict, and the defendant appealed. The facts presented at the hearing of the motion for judgment were not reported. *Held,* that action on the motion for judgment rested in the sound discretion of the court, that the appeal could present only questions of law apparent on the record, and that no error was shown.

Where by a rescript of this court a plaintiff is given leave to amend so that the action shall be one brought for his benefit in the name of another and to move for judgment or a new trial, and a motion for the amendment is presented and allowed, but the record sets forth no action as to judgment or a new trial, no such action can be inferred.

An affidavit of counsel, filed in opposition to a motion for judgment, is no part of the record on an appeal from an order allowing the motion.

RUGG, C. J.  This case was before us in 206 Mass. 566. It there was decided that although technically the plaintiff as trustee in bankruptcy could not recover as the nominal party plaintiff, yet an opportunity ought to be given him to apply for an amendment, to enable him to prosecute the action as the only party beneficially interested and in the name of the original plaintiff.  It further was said that if such an "amendment be allowed, then such proceedings thereafter shall be had either by way of a judgment upon the verdict, or of a new trial, or otherwise, as to that [the Superior] Court shall seem just and proper."  That decision was right.  No argument has been addressed to us which leads us to doubt its soundness.  It became

the law of the case. *Boyd* v. *Taylor,* 207 Mass. 335. A motion for an amendment as indicated in the earlier opinion was allowed in the Superior Court. Plainly there was no error in this regard. It conformed to the rescript and the opinion. Whether it did or not is the only question now open in this respect. *Attorney General* v. *New York, New Haven, & Hartford Railroad,* 201 Mass. 370.

No order then was made whether there should be a new trial or not. None can be inferred where the record is blank touching the subject. Thereafter a motion was made by the plaintiff that judgment be entered on the verdict. This motion was granted. Whether it should have been granted or not rested in the sound judicial discretion of the court. Opposition to it on the part of the defendant was the equivalent of a motion for a new trial, which itself is a matter of sound discretion. *Freeman* v. *Boston,* 178 Mass. 403.

The defendant filed an affidavit setting out certain reasons why a new trial should be had. This is no part of the record and cannot be considered on appeal. *Storer* v. *White,* 7 Mass. 448. *Warner* v. *Collins,* 135 Mass. 26. The question presented to the Superior Court on the motion was in substance and effect whether justice required that the defendant should have another opportunity to try the facts, or whether that issue had been determined fairly, or whether there was in truth any fact to be tried, or whether for any reason there should be a new trial. The facts presented at the hearing on that motion are not disclosed in the record. Appeal brings up only errors of law apparent on the record. *Hicks* v. *Graves,* 194 Mass. 589. *Mower* v. *Beard,* 213 Mass. 198. It is impossible to say that any error has been committed. *Lemay* v. *Springfield Street Railway,* 211 Mass. 138.

The fact that the defendant offered no evidence at the earlier trial is not decisive. It falls far short of showing error.

*Judgment affirmed.*

*W. C. Cogswell,* for the defendant, submitted a brief.
*M. S. Holbrook,* for the plaintiff.