IN RE ALBERT H. DE PROPPER, petitioner.

Suffolk.   October 18, 1920. — November 27, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Attorney at Law*, Petition for admission or reinstatement.   *Practice, Civil*, Appeal,
   Expunging of scandalous and impertinent matter from the record.   *Clerk of
   Courts.   Superior Court.*

A proceeding by an attorney at law for admission to the bar is a proceeding at
   law and not in equity.

The record upon an appeal from the denial of a petition for the admission or rein-
   statement of an attorney at law as a member of the bar should include no part
   of the evidence introduced at the hearing of the petition.

A record, which merely shows a dismissal, after a hearing, of a petition for the
   admission or reinstatement of an attorney at law as a member of the bar and
   an appeal therefrom, discloses no error of law.

The duty of preparing the copies of papers and the records of cases brought to this
   court by appeal or upon exceptions, reports or reservations, is placed by R. L.
   c. 157, § 21; c. 173, § 117, directly, unequivocally and exclusively upon the
   clerk; and the Superior Court has no jurisdiction or power to order that an
   appellant be allowed to take the files of a case and to have them printed under
   his own direction, and to permit printing by multigraph or other duplicating
   machine.

Certain impertinent and scandalous matter, appended to a record filed in this
   court after the certificate of the clerk of the court, was ordered expunged.

PETITION, filed in the Superior Court on July 10, 1919, for
admission or reinstatement as a member of the bar of the Com-
monwealth.

Notice of the petition was ordered served upon the chairman
of the board of bar examiners and upon the president and the
secretary of the Bar Association of the City of Boston, and answers
were filed in behalf of that bar association and of the board of
bar examiners.   The petitioner filed a document entitled "The
Replication."

The petition was heard by *Wait*, J., and was dismissed.   The
petitioner appealed.

The case was submitted on briefs.

*A. H. de Propper*, pro se.

*J. B. Studley*, for the respondents.

RUGG, C. J. This is a petition for admission or reinstatement to practise law. It was heard by a judge of the Superior Court and by him denied and ordered dismissed. The petitioner appealed.

A petition for admission to the bar is a proceeding at law and not in equity. *Boston Bar Association* v. *Greenhood,* 168 Mass. 169, 182. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 51. An appeal in a case at law brings before this court for examination only errors of law apparent on the record. It does not bring up the evidence for review. *Given* v. *Johnson,* 213 Mass. 251. The material part of the record consists of the petition, answer, replication, although the latter was unnecessary and might have been stricken from the record, *Comstock* v. *Livingston,* 210 Mass. 581, and the order. No error of law is disclosed on this record. It does not appear that the decision of the judge was founded upon matter of law. It seems to have been based wholly on the facts as he found them and on his inferences therefrom. *Cochrane* v. *Boston,* 1 Allen, 480. *Knowles* v. *Bachelder,* 106 Mass. 343. A simple finding of fact discloses no error of law and cannot be revised on appeal. It must be accepted as true. This court in actions at law cannot weigh evidence or review findings of fact. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 522, and cases there collected. It is settled that the judge was not bound to make written findings of fact. His duty was fully performed by passing upon questions of law presented and by deciding the case. *Lowell* v. *Bickford,* 201 Mass. 543, 545. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494, 495, and cases there collected.

There is appended to the record what appears to be a report of the trial in the Superior Court, including the evidence. This is no part of the record and cannot be brought before this court on appeal. *Hicks* v. *Graves,* 194 Mass. 589. *Moran* v. *Murphy,* 230 Mass. 5. *Norton* v. *Musterole Co.* 235 Mass. 587. It may be added, however, that a careful examination has been made of all papers presented. Sedulous care appears to have been exercised throughout that the petitioner have a full and fair hearing. The judge of his own motion saved for the petitioner exceptions to the admission of the record of the Supreme Judicial Court upon an earlier petition for admission to the bar, wherein it was found that the petitioner was not of good moral character, and to the

admission of the record of the disbarment of the petitioner in *People* v. *Propper*, 220 Ill. 455. Manifestly this evidence was competent. There is no error prejudicial to the petitioner.

There are irregularities in the preparation of the case for presentation to this court. They are all in the nature of concessions to the petitioner and in his interests and in no degree harmful to him. They concern proper practice, however, and cannot be passed by.

Among the papers presented is a typewritten copy of an order of the Superior Court authorizing the clerk to permit the petitioner to take the files "for the purpose of having them printed in the prosecution of the appeal claimed by him herein; and further to permit printing by multigraph or other duplicating machine." The physical appearance of the papers bears indication that they have been prepared in accordance with this order. Immediately following this is another typewritten sheet in form a certificate signed by the clerk of the Superior Court, the substance of which is this: "The mechanical make up of the within appeal was not done under the supervision of the clerk of this court. By order of the court, a copy of which is hereto annexed, the petitioner de Propper was allowed to take the files in this case and have them printed under his own direction. The clerk, therefore, attests the record and declines responsibility for the mechanical make up of the appeal." This order and certificate were irregular and unwarranted by law. It is provided in R. L. c. 157, which relates to the Superior Court, by § 21, that "The clerk shall, at the expense of the appellant or excepting party, or of the plaintiff upon a case reserved or reported . . . prepare and transmit to the Supreme Judicial Court . . . one copy of every paper on file in the case, except papers used as evidence only, and of all papers made part of the case or referred to in the bill of exceptions or report, or so much thereof as is necessary fully to present the question of law, for the use of the Chief Justice, and a like copy for the clerk of the Supreme Judicial Court . . . ; and one copy of the bill of exceptions, report or papers upon which the question of law arises on appeal for each associate justice, for each party and for the reporter of decisions. . . ." It also is provided by R. L. c. 173, § 117, that "Copies and papers relating to a question of law arising in the Supreme Judicial Court or the Superior

Court upon appeal, exception, reservation, report or otherwise shall be prepared by the clerk of the court" and transmitted for the use of the full court. The words of both these sections are plain. Their meaning is not open to doubt. The duty of preparing the copies and the record of cases for the Supreme Judicial Court is placed directly, unequivocally and exclusively upon the clerk. From its performance he cannot be relieved. The purpose of the Legislature is manifest. Its wisdom is not open to question. The order of the Superior Court also was contrary to General Rule, Section 15,* as to records of the Supreme Judicial Court and the Superior Court established pursuant to St. 1917, c. 206.

Subsequent to the certificate of the clerk above referred to, but attached thereto, are two printed pamphlets purporting to have been prepared by the petitioner at some earlier time or times, and many pages having the appearance of a report of testimony and evidence submitted to the Superior Court judge at the hearing. None of these are certified by the clerk. None of them are a part of the record. They are not attested. Even if they were, they would be no proper part of the record upon such an appeal as this, as already has been pointed out. It does not appear of record by whose instrumentality they were attached to the pages attested by the clerk. The pamphlets contain impertinent and scandalous matter. These are ordered expunged. *Washington Post Co.* v. *Chaloner*, 250 U. S. 290, 294. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 391. The order dismissing the petition is affirmed.

*So ordered.*

---

* This rule is as follows: "The dockets, files, and extended records of the court are to be kept in the clerk's office or in the custody of the clerk, and he is to be strictly responsible for them. They shall not be taken from his custody except in cases authorized by statute and except for use by a justice of the court; but the parties may at all times have copies; provided, however, that the clerk may permit papers from the files in pending criminal cases to be taken temporarily by the district attorney for his district. Common-law rule XXXIII of the Supreme Judicial Court is hereby abrogated."