FRANK SAMUEL & others *vs.* PAGE-STORMS DROP FORGE
COMPANY.

Hampden.    October 16, 1922. — November 27, 1922.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Appeal; Exceptions: dismissal.

The printed record presented to this court on an alleged appeal by the defendant
in an action of contract from the allowance of a motion to dismiss a bill of
exceptions filed by him contained an amended declaration, an amended answer,
a draft of the defendant's bill of exceptions, not allowed, the plaintiff's motion
to dismiss the bill on several grounds, one of which was failure of the defendant
to give the plaintiff the notice of the filing of the bill called for by the rule of
court, supporting affidavits and other affidavits, a finding of facts by the judge,
an indorsement on the motion, signed by the judge, "Motion allowed. Bill
dismissed. (See Memorandum)," and an unsigned and undated "Defendant's
Appeal" to this court from an order dismissing the exceptions. *Held,* that
    (1) The action was not rightly before this court on appeal;
    (2) The judge's order obviously was founded on facts found by him and was
not founded and did not purport to be founded on any "matter of law apparent
on the record;"
    (3) Findings of fact by the judge were no part of the record and could not
be considered on appeal;
    (4) The affidavits were not properly a part of the record on appeal;
    (5) There was nothing in the record to indicate the ground on which the
motion to dismiss the exceptions was allowed or, ample grounds being stated
in the motion, to show that there was any error of law in allowing it;
    (6) Assuming that the findings of fact and the affidavits were properly a
part of the record and to be considered by this court, there appeared ample
ground for an allowance of the motion to dismiss in a finding of fact, which
could not be reviewed by this court on appeal, that the defendant had not given
to the plaintiff the notice of the filing of the bill of exceptions required by
Rule 52 of the Superior Court (1915);
    (7) It being plain that no question of law was raised by the appeal, the
appeal was dismissed.
By G. L. c. 231, § 96, appeal now is available as a means for bringing to this court
for review errors of law alleged to have been committed by the Superior Court
in civil actions or proceedings at law in only three instances: First, where an
order has been entered sustaining or overruling a demurrer on the ground that
the facts pleaded do not in law support or answer the action; second, where an
order for judgment has been entered on a case stated; and third, where an
order has been entered "decisive of the case founded upon matter of law
apparent on the record." Per RUGG, C.J.

CONTRACT for breach of a contract to deliver light drop forge trimmings. Writ dated June 13, 1918.

The action was tried in the Superior Court before *Callahan,* J., and there was a verdict for the plaintiffs. The defendant filed a proposed bill of exceptions. A motion by the plaintiffs to dismiss the bill was allowed. The defendant appealed.

The case was submitted on briefs.

*H. M. Ehrlich,* for the defendant.

*C. E. Bell,* for the plaintiffs.

RUGG, C.J. This is an action of contract. In what purports to be the record as printed for our consideration are the amended declaration and the amended answer, the defendant's draft of bill of exceptions not allowed, the plaintiff's motion to dismiss those exceptions, alleging six different grounds together with supporting affidavit, and two other affidavits. Among the grounds set forth in the motion to dismiss the exceptions is that no notice of filing the exceptions was given to the plaintiff as required by the rules of court. On the back of the motion to dismiss is the indorsement "Motion allowed. Bill dismissed. (See Memorandum)" signed by the Superior Court judge. A finding of facts by the judge is printed, and also an unsigned and undated "Defendant's Appeal" to this court from the order dismissing the exceptions.

This case is not rightly before us on appeal. The practice as to appeals in civil actions or proceedings at law was somewhat modified by St. 1918, c. 257, § 432, now embodied in G. L. c. 231, § 96. By its plain terms appeal now is available as a means for bringing to this court for review errors of law alleged to have been committed by the Superior Court in civil actions or proceedings at law in only three instances: *First,* where an order has been entered sustaining or overruling a demurrer on the ground that the facts pleaded do not in law support or answer the action; *Second,* where an order for judgment has been entered on a case stated; and *Third,* where an order has been entered "decisive of the case founded upon matter of law apparent on the record." As to the pre-existing law and statutes see R. L. c. 173, § 96; St. 1906, c. 342, § 2; St. 1910, c. 555, § 4; *Oliver Ditson Co.* v. *Testa,* 216 Mass. 123.

The case at bar does not fall within any one of these three classes. The order dismissing the exceptions doubtless was deci-

sive of the action as to the defendant. But that order was not founded and did not purport to be founded on any "matter of law apparent on the record." It obviously was founded on the facts found by the judge of the Superior Court. Those findings of facts are no part of the record, and hence cannot be considered on appeal.

The single question of law which, as stated in its brief, the defendant seeks to have considered is whether there was sufficient evidence (the only evidence printed being the affidavits) to support the finding that the plaintiff had waived his right to rely upon the failure of the defendant to give the notice of filing of its exceptions as required by the rule. This question of law is not founded upon any matter of law apparent on the record for at least two reasons: (1) The affidavits filed respecting the motion to dismiss are simply evidence and nothing more, are no part of the record and cannot be brought to this court until embodied in exceptions or report. *Warner* v. *Collins*, 135 Mass. 26. *De-Propper, petitioner,* 236 Mass. 500, and cases collected at page 501. *Bacon* v. *George*, 216 Mass. 519. See *Indiana Flooring Co.* v. *Rudnick*, 236 Mass. 90, 92. (2) The findings of fact made by the judge are no part of the record. They could have been made a part of the record and brought before this court only by being incorporated in a report or in a bill of exceptions. *Cressey* v. *Cressey*, 213 Mass. 191, and cases there collected. *Norton* v. *Musterole Co. Inc.* 235 Mass. 587, and cases cited at page 589. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495. *Reno* v. *Cotter*, 236 Mass. 556, 561. *Churchill* v. *Churchill*, 239 Mass. 443. The indorsement on the motion to dismiss the exceptions, "See Memorandum" (as to the incorrectness of the use of that word to describe findings of fact see *Commonwealth* v. *O'Neil*, 233 Mass. 535, 543), of course could not make the findings of fact a part of the record. Therefore there is nothing in this record to indicate the ground on which the motion to dismiss the exceptions was granted or to show that there was any error of law in granting it, because it clearly is manifest that the motion to dismiss set forth ample reasons for dismissing the exceptions. The proper course for the defendant to have pursued was to have asked for a ruling that there was no evidence to support any one of the grounds for dismissal of his exceptions set forth in the motion to

dismiss, and to have excepted to a refusal to grant his request for ruling, and then to have filed a bill of exceptions to that refusal setting out the evidence and, if material to those questions of law, the findings of fact made by the judge.

The defendant has argued the case on the footing that the affidavits and the findings of fact have been made a part of the record. Even if that were so, there is no error of law. There was ample support in the affidavits for the findings of fact made by the judge. The defendant failed to comply with the statute and rules of court as to giving notice to the adverse party of the filing of his exceptions, and therefore the exceptions were dismissed rightly. *Day* v. *McClellan,* 236 Mass. 330. *Murch* v. *Clapp,* 228 Mass. 569. *Chertok* v. *Dix,* 222 Mass. 226. *Shawmut Commercial Paper Co.* v. *Brigham,* 209 Mass. 199. There is nothing in all that is printed in the record which required a finding that the plaintiff had waived his substantial rights in this particular. Waiver has often been defined as the voluntary relinquishment of a known right. The burden of proving waiver in this posture of the case rested upon the defendant, who in effect alleged waiver by the plaintiff of his rights. Rarely can it be ruled as matter of law that this burden of proof has been sustained. Usually it is a question of fact. *St. John Brothers* v. *Falkson,* 237 Mass. 399, 402. Findings of fact cannot be reviewed by this court in an action at law. If there is any evidence to support them, they must stand as final. *Bailey* v. *Marden,* 193 Mass. 277. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 522. *Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 589. *Day, petitioner,* 234 Mass. 576.

It is so plain that no error of law is apparent on this record or is raised by the appeal, *Commonwealth* v. *Phelps,* 210 Mass. 360, *Boston, petitioner,* 223 Mass. 36, 37, *Boston Bar Association* v. *Casey,* 227 Mass. 46, *Gasquet* v. *Lapeyre,* 242 U. S. 367, 369, *Parker* v. *McLain,* 237 U. S. 469, that the entry may be

*Appeal dismissed.*