COMMONWEALTH *vs.* JOHN H. ROBINSON.

SAME *vs.* SAME.

Middlesex.     October 5, 1936. — October 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Criminal,* Conduct of the trial, New trial.

The record before this court disclosed no error in the trial and conviction on indictment of one who, after waiving trial by jury, conducted his own defence, nor in the denial of a motion by him for a new trial.

Two INDICTMENTS, found and returned to the Superior Court on June 7, 1933.

The defendant waived trial by jury. He was found guilty on each indictment by *Dowd*, J. Further proceedings are described in the opinion.

*J. H. Robinson, pro se,* submitted a brief.

*J. B. Davidson,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J.    The defendant was indicted for the forgery of a check, and in a second count for the uttering and publishing as true of a forged check.  G. L. (Ter. Ed.) c. 267, §§ 1, 5.    Another indictment charged him with larceny. His plea was not guilty in each case.  On February 6, 1936, he waived trial by jury under G. L. (Ter. Ed.) c. 263, § 6, was tried by a judge of the Superior Court, and was found guilty on each indictment.    The defendant conducted his own defence, and took no exceptions.    On the same day the indictment for larceny was placed on file, and he was sentenced on the other indictment to imprisonment in the State prison for not less than three nor more than five years, the sentence to take effect from and after the expiration of earlier sentences.

On February 10, 1936, acting *pro se*, the defendant petitioned for the suspension of the execution of the sentence. St. 1934, c. 205, St. 1935, c. 358, amending G. L. (Ter. Ed.) c. 279, § 1.  On the same day, purporting to act under G. L. (Ter. Ed.) c. 278, § 33B, he filed *pro se* a claim of appeal from the finding of guilty in each case.    The summary of the record prepared by the clerk under § 33C does not show, as it should, that the judge ordered the trial made subject to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, but the order appears in the transcript of the evidence certified by the stenographer under § 33A.    See *Ansara* v. *Regan*, 276 Mass. 586, 591, 592.    On February 10, 1936, the defendant filed a motion for a new trial, assigning six grounds, all of which could have been taken at the trial.    *Commonwealth* v. *Polian*, 288 Mass. 494, 501, 502.    *Commonwealth* v. *Di Stasio*, 294 Mass. 273, 287–288.    We assume in favor of the defendant that his petition for suspension and his motion for a new trial were denied.    At some time not shown by the record he filed what he called a "bill of exceptions," which contained no statement of facts or evidence, but purported merely to take a general exception to the denial of the motion for a new trial, an exception "to each and all findings of fact and of law upon which the said denial is based," and an appeal from the denial of said motion.    This

"bill of exceptions" has never been allowed, and as a bill of exceptions cannot be considered.

An appeal under G. L. (Ter. Ed.) c. 278, § 28, Rule 77 of the Superior Court (1932), would do the defendant no good, for no error appears in any "matter of law apparent upon the record." We have considered the appeal as one under G. L. (Ter. Ed.) c. 278, §§ 33A–33G. The defendant contended that at the time of the alleged offences he was in Canada, and offered affidavits of four witnesses to that effect. But two of these witnesses appeared to have no personal knowledge of the fact, a third was a woman who was living and travelling with the defendant in Canada, and the knowledge possessed by the fourth does not clearly appear. The defendant, when he obtained the affidavits, did not intend to have these witnesses present at the trial, and made no effort to produce them. We find nothing in the record or transcript to support the defendant's assertion that he was misled by court officers into waiving trial by jury, or his contention that he was not given a fair trial. We discover no error in the proceedings, even upon the assumption that the appeal from the denial of the motion for a new trial and the supplementary assignment of errors offered for filing on August 10, 1936, may be considered. In each case the order will be

*Judgment affirmed.*