METROPOLITAN TRANSIT AUTHORITY *vs.* RAILWAY
EXPRESS AGENCY, INC.

Suffolk. December 7, 1948. — February 10, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Practice, Civil*, Waiver, Discontinuance. *Res Judicata. Waiver.*

In an action with two counts in the declaration based respectively on
separate and unrelated collisions of vehicles of the parties, a so called
"waiver" of the second count, made by the plaintiff at a pre-trial hear-
ing in order to obtain immediate trial of the action on the first count
with several other actions growing out of the collision therein described,
was justifiably treated, by the judge presiding at a trial of a new action
afterwards brought on the cause set out in that second count, not to
have been intended as an abandonment of that cause of action but to
have been merely a discontinuance as to that second count.

A judgment, obtained by the plaintiff in an action originally brought
for two separate causes set forth respectively in two counts in the
declaration, did not make res judicata the cause set forth in one of
the counts as to which the plaintiff had discontinued before trial, nor
did the discontinuance or the judgment bar a subsequent action
between the same parties for that cause.

TORT. Writ in the Superior Court dated December
5, 1945.

The action was tried before *Beaudreau*, J.

*A. M. Pinkham*, for the defendant.

*R. L. Mapplebeck*, for the plaintiff.

WILLIAMS, J. This is an action of tort for property
damage resulting from a collision of an express truck of the
defendant and a street car of the plaintiff[1] in Medford
on July 18, 1944. The writ was dated December 5, 1945.
The questions before us relate to the admissibility of evi-
dence offered to support averments in the defendant's
answer that the plaintiff has voluntarily relinquished by
waiver its cause of action and that its cause of action is
res judicata, and to the propriety of the denial by the
judge of certain requests for rulings.

[1] The original plaintiff in the present action and the plaintiff in the earlier
action hereinafter referred to was Boston Elevated Railway Company.

On April 2, 1945, the plaintiff brought an action of tort in the Superior Court against the defendant for damage to property. The declaration contained two counts. Count 1 alleged a collision between one of its street cars and a truck of the defendant in Boston on April 6, 1944. Count 2 alleged a collision between one of its buses and a truck of the defendant in Medford on July 18, 1944. The collision to which reference was made in count 2 is the same as the collision declared on in the present action. The former case was numbered 397603. Nine other actions were brought by various parties for damages arising out of the collision in Boston on April 6, 1944. At the pre-trial hearing in Suffolk County of these nine actions and case numbered 397603, the judge apparently ruled that the latter case should not be tried with the other nine because it included the matter of the second accident in Medford with which the other cases had no concern. Thereupon the plaintiff "waived" count 2. The ten cases were tried to a jury, and in case numbered 397603 the plaintiff obtained a verdict on its count 1. Later, the plaintiff and the defendant agreed upon a settlement of case numbered 397603, and on February 12, 1946, an agreement for judgment was filed.

Thereafter the present action was tried to a jury. In support of the allegations in its answer as to waiver and res judicata the defendant offered certified copies of the court papers on record in case numbered 397603. These documents included the writ, declaration, answer, verdict, agreement for judgment, and docket entries. On the back of the declaration was indorsed as of October 18, 1945, "Count 2 waived in open court" and the attestation of the clerk. In offering these documents counsel for the defendant stated, "The waiver of the second count indorsed on the back of the declaration in case #397603 was made at the pre-trial session of that case, and was only made in order that the case might be tried with the other cases listed in the docket entries, later referred to herein . . . which were cases growing out of the collision of April 6, 1944." The evidence was excluded subject to the defendant's exception. The defendant also excepted to the judge's

refusal to give certain requested rulings concerning the defences of waiver and res judicata. After a verdict for the plaintiff the judge reported the questions of law raised by these exceptions to this court.

Waiver is generally defined as the voluntary relinquishment of a known right. *Eaton* v. *Globe & Rutgers Fire Ins. Co.* 227 Mass. 354, 364. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 136. *Doujotos* v. *Leventhal,* 271 Mass. 280, 282. Unless the evidence is clear, unequivocal and undisputed, waiver is ordinarily a question of fact and not of law. *McGrath* v. *Quinn,* 218 Mass. 27. *Samuel* v. *Page-Storms Drop Forge Co. supra.*

After the ruling of the judge in the pre-trial session, it was optional with the plaintiff to discontinue its action so far as count 2 was concerned and, with the other pending actions, participate in an immediate trial of its count 1, or, at some later time, to proceed to trial on its action as originally brought. It elected to go to trial at once on count 1. While this election may be deemed a waiver of its alternative right, it did not indicate an intention to abandon its cause of action arising from the Medford collision. The plaintiff was represented by experienced and learned counsel and undoubtedly intended its "waiver" to have the effect of a discontinuance of count 2. It must have been so understood by the judge at pre-trial and the opposing counsel. Pleadings, decrees and papers filed in court are to be interpreted in accordance with their true character without too much regard to the manner in which they are entitled. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 110. *Hays* v. *Georgian Inc.* 280 Mass. 10, 15. *Boston* v. *Santosuosso,* 302 Mass. 169, 175. *Essex Trust Co.* v. *Averill,* 321 Mass. 68, 70. The judge in the present case was justified in treating the offered "waiver" as a discontinuance. As a discontinuance it was not a bar to the maintenance of a subsequent action brought for the same cause. *Farnum* v. *Brady,* 269 Mass. 53, 55. *Pontiff* v. *Alexander,* 320 Mass. 514, 516.

Count 2 having been discontinued, the cause of action therein stated was not adjudicated by the judgment subsequently entered by agreement. This judgment affected

only the cause of action stated in count 1. There was no error in excluding the offered evidence and no error in refusing to grant the requests which were predicated on the evidence which had been excluded.

Judgment is to be entered on the verdict.

*So ordered.*