JOSEPH L. GUERIN *vs.* COMMONWEALTH.

Suffolk.   February 3, 1958. — April 7, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Error, Writ of.   Constitutional Law,* Due process of law.

Due process of law did not require that an indigent prisoner seeking by
writ of error to reverse sentences for serious offences be furnished
by the Commonwealth a free transcript of the evidence taken at the
trial of the indictments against him for such offences, where he had
been represented throughout the trial and in seeking a reduction in
the sentences by experienced counsel who had not sought to have the
trial made subject to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended,
or to carry the cases to this court by exceptions or report, the assign-
ment of errors did not show with adequate specification errors review-
able on the writ of error, and reasonable need of the transcript for the
purposes of review on the writ of error did not appear.

PETITION for a writ of error, filed in the Supreme Judicial
Court for the county of Suffolk on September 19, 1956.

An order described in the opinion was reported by *Couni-
han,* J.

*Fred L. True, Jr.,* Assistant Attorney General, for the
Commonwealth.

*Richard H. Gens,* for the petitioner.

WILKINS, C.J.   In this petition for a writ of error a single
justice has reported for our determination the correctness of
his order allowing the petitioner's motion that the Common-
wealth furnish the petitioner a free transcript of the evidence
taken at his trial on the merits at which he was convicted
of incest, statutory rape, and committing unnatural acts.
The petitioner alleges in his motion that he is an indigent
person, and that without a copy of the transcript, which
"is essential and dependent upon the evidence of his case,"
he cannot effectively "present his argument upon his writ of
error "   He prays that the motion be allowed "so that he

may properly pursue his constitutional rights of appeal." All proceedings except such as are necessary to preserve the rights of the parties have been stayed, and the report is upon the petition for writ of error, the assignment of errors, the return of the Chief Justice of the Superior Court, and the motion and order. G. L. (Ter. Ed.) c. 231, § 111. No evidence was taken before the single justice.

The petitioner was tried beginning September 21, 1953, on five indictments: No. 26,644 charging incest with his niece, on or about May 15, 1952. No. 26,645 charging incest with her on or about November 7, 1952. No. 26,646 charging statutory rape of the same girl (who was under the age of sixteen years) on or about November 7, 1952. No. 26,647 charging statutory rape on her on or about May 15, 1952. No. 26,648 charging the commission of unnatural and lascivious acts with her on divers dates between May 15, 1952, and May 15, 1953. On September 24, 1953, he was found guilty on Nos. 26,645, 26,646, and 26,648, and not guilty on the other indictments. On the same day he was sentenced to the State prison as follows: On No. 26,645 for the term of no more than fifteen years and no less than ten years. On No. 26,646 for the term of no more than twenty years and no less than fifteen years, to take effect after the completion of the sentence on No. 26,645. On No. 26,648 for the term of no more than five years and no less than four years, to run concurrently with the sentence on No. 26,646. On October 30, 1953, the Appellate Division of the Superior Court made an order that all the sentences should run concurrently. G. L. (Ter. Ed.) c. 278, §§ 28A–28C, inserted by St. 1943, c. 558, § 1, as amended. On November 9, 1953, the petitioner was resentenced accordingly, and the sentences are being served. At the trial and before the Appellate Division the defendant was represented by experienced counsel, who, we know, has often appeared in our courts.

The petitioner rests his argument upon *Griffin* v. *Illinois,* 351 U. S. 12, which his counsel contends requires that he be given the transcript "as a matter of due process." The

single justice made his order constrained by the holding of that case. As we read that case,[1] whether the question concerned due process or equal protection or both, the fundamental point was that in Illinois adequate appellate review of errors alleged to have occurred at a trial could not be had without a stenographic transcript of the trial proceedings. With this premise conceded,[2] the syllogistic conclusion followed that "Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts" (page 19). But it was also said, "We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases" (page 20).

In this Commonwealth a transcript of the testimony in the trial proceedings is not required to secure adequate appellate review. There are various ways in which a criminal case may come before us:

(1) Appeal by a defendant aggrieved by a judgment founded upon matter of law apparent on the record. This does not bring up the evidence for review, even if taken by a stenographer. G. L. (Ter. Ed.) c. 278, § 28. *Hicks* v. *Graves,* 194 Mass. 589. *De Propper, petitioner,* 236 Mass. 500, 501. *Dolan* v. *Commonwealth,* 304 Mass. 325, 334. *Harrington* v. *Anderson,* 316 Mass. 187, 191.

---

[1] There were four opinions. The judgment was announced by Mr. Justice Black. In his opinion the Chief Justice, Mr. Justice Douglas, and Mr. Justice Clark joined. Mr. Justice Frankfurter wrote an opinion concurring in the judgment and raising the subject of prospective operation; he did not state any facts, and must have accepted the factual statements in the opinion of Mr. Justice Black. It is the latter opinion, obviously, to which we must turn for the holding of the court. There was a dissenting opinion by Mr. Justice Burton and Mr. Justice Minton, whom Mr. Justice Reed and Mr. Justice Harlan joined. There was another dissenting opinion by Mr. Justice Harlan.

[2] "Counsel for Illinois concedes that these petitioners needed a transcript in order to get adequate appellate review of their alleged trial errors" (page 16). The majority treated "needed" as synonymous with "required" (page 16 n. 9).

(2) By report by the trial judge before trial, G. L. (Ter. Ed.) c. 278, § 30A, inserted by St. 1954, c. 528, or after conviction, if the defendant desires or consents, of so much of the case as is necessary to present a question of law. G. L. (Ter. Ed.) c. 278, § 30.

(3) By exceptions, which "shall be reduced to writing." This is the usual method in a case of felony, other than murder or manslaughter. G. L. (Ter. Ed.) c. 278, § 31, as amended. *Commonwealth* v. *McDonald*, 264 Mass. 324, 334.

(4) By appeal in a case where there was a trial upon an indictment for murder or manslaughter, or by order of the court, upon an indictment or complaint for any other felony, and a misdemeanor tried with a felony made subject to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended. In such a case the evidence shall be taken by a stenographer and transcribed in such number of copies as the court may direct. *Commonwealth* v. *McDonald*, 264 Mass. 324, 333–334. The evidence thus transcribed shall be designated as the "Transcript of the Evidence," shall be certified by the stenographer, and with such corrections as may be made by direction of the court shall be regarded as a true record of the evidence. § 33A. Upon the filing of a claim of appeal, one copy of the transcript shall be given to the clerk, who shall prepare a concise summary of the record, which shall include a copy of the indictment or complaint and of such pleadings or motions as the district attorney or the defendant shall designate. § 33C. After the defendant has filed an assignment of errors, § 33D, the clerk shall transmit the transcript of the evidence, the summary of the record, and the assignment of errors, which together shall constitute the record on appeal, to this court, which "shall consider all questions of law fairly raised." § 33E. This method of appeal and of bringing the transcript of the evidence before us has been in effect since 1925. St. 1925, c. 279. Since then this court has heard a great number of such appeals.

(5) Writ of error is the procedure in the case before us.

The writ is provided by G. L. (Ter. Ed.) c. 250, §§ 1, 2, 9–13, which cover the whole subject. See *Commonwealth* v. *Phelan*, 271 Mass. 21, 23. "A judgment in a criminal case may be re-examined and reversed or affirmed upon a writ of error for any error in law or in fact." § 9. The proceedings "shall be according to the course of the common law as modified by practice and usage in the commonwealth and by the general rules of the supreme judicial court." § 2. Speaking broadly, the review "is of matters of law apparent on the record of the court in which the judgment was entered as disclosed by the return." *Berlandi* v. *Commonwealth*, 314 Mass. 424, 427. It is a restricted remedy. "Evidence heard at the trial on the merits is no part of the record and hence cannot be considered on a writ of error. *Storer* v. *White*, 7 Mass. 447. *Pierce* v. *Adams*, 8 Mass. 383. See *Warner* v. *Collins*, 135 Mass. 26, and *Bacon* v. *George*, 216 Mass. 519." *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 377. *Dolan* v. *Commonwealth*, 304 Mass. 325, 331. *Berlandi* v. *Commonwealth*, 314 Mass. 424, 454. "The error of fact in a judgment which may be reviewed upon writ of error . . . does not refer to errors as to findings of fact made at a trial, but to matters of a different nature, such as minority of the defendant, *Johnson* v. *Waterhouse*, 152 Mass. 585, insanity of the defendant, *Hathaway* v. *Clark*, 7 Pick. 144, and death of the defendant and lack of authority of a purported agent to accept service, *Hanzes* v. *Flavio* . . . [234 Mass. 320,] 327, 328, that is to say, to matters of fact not heard and decided at the trial under review." *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 376–377. "To the foregoing instances there have been added in recent years instances where the contention was made that the defendant had been wrongfully deprived of the assistance of counsel at the trial or was denied opportunity to prepare a defence. *Allen* v. *Commonwealth*, 324 Mass. 558. *Lindsey* v. *Commonwealth*, . . . [331 Mass.] 1. *Jones* v. *Commonwealth*, . . . [331 Mass.] 169. Those additions were made upon the same theory as that of the older cases, to wit, that issues of fact are not concluded by the trial where there was no legally

sufficient opportunity to litigate them at the trial." *Aronson* v. *Commonwealth*, 331 Mass. 599, 602. In *Brown* v. *Commonwealth*, 335 Mass. 476, 479–480, we held that "an examination of the transcript [of testimony] was proper and essential to a determination of the issue whether the petitioner, because he was without counsel, for some reason failed to secure the fundamentals of a fair trial."

A party seeking relief by writ of error under the statutory authority must take the remedy with its limitations. *Dolan* v. *Commonwealth*, 304 Mass. 325, 333. The petitioner was represented by counsel until after the Appellate Division ordered a reduction in the total of his sentences. No effort was made to bring the cases to us by the ordinary methods of report or of exceptions. His counsel had not moved to make the cases subject to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended. Had this been done, there would have been available to the petitioner a transcript of the evidence. Instead, long afterward on September 19, 1956, at a time when he had no counsel, and when it was much too late to file a bill of exceptions, he filed this petition for a writ of error in the Supreme Judicial Court for Suffolk County. His motion to waive the payment of an entry fee was allowed. G. L. (Ter. Ed.) c. 262, § 4, as amended by St. 1954, c. 582. Later he assigned fifty-five errors. It would add nothing to our jurisprudence to analyze the assignment in detail, particularly where the petitioner's present counsel does not do so. Many of those assigned relate to alleged errors at the trial which are not open on writ of error. Several make vague and sweeping suggestion of violation of rights under the Constitution of the United States or under our own Constitution. Having in mind that there was representation by experienced counsel at the trial, and that this counsel acted to have the sentences reduced, but took no steps to bring the cases here, we think that there should be something more than such a broad general charge wholly lacking in specification before it becomes essential to provide the transcript of the trial proceedings for the prosecution of this writ of error. Likewise we are of opinion that

there should be some showing of a reasonable need for a transcript for the purposes for the particular form of review being prosecuted.

*Order reversed.*