CITY OF TOLEDO, APPELLEE, *v.* SMITH, APPELLANT. (Two cases.)

(Nos. 5781 and 5782—Decided December 16, 1963.)

Mr. *Paul Leahy*, for appellee.
Mr. *Clarence G. Smith*, for appellant.

FESS, J. These are appeals on questions of law from judgments rendered upon verdicts of guilty rendered by a jury and subsequent sentences imposed upon defendant in appeal No. 5781 for drunkeness and disorderly conduct and in appeal No. 5782 for resisting an officer. Prior to trial, evidence was received in each case in support of defendant's motions to quash affidavits and to suppress evidence on the ground of unlawful arrest, which motions were overruled, and the cases proceeded to trial before a jury upon the merits, resulting in verdicts of guilty and subsequent sentences of thirty days in the Toledo House of Correction to run concurrently and costs. Application *pro forma pauperis* was duly made for a bill of exceptions and transcript of the proceedings upon the motions to quash affidavits and to suppress evidence as well

as at the trial for the purpose of prosecuting the appeals. After hearing thereon the Municipal Court found such application not well taken and denied the same.

Assignments of error upon the appeals are:

1. The court erred in finding defendant was not an indigent and unable to pay for the bill of exceptions and transcript.

2. The court erred in not providing defendant a bill of exceptions and transcript at the cost of the city of Toledo.

A partial bill of exceptions comprising the hearing upon defendant's application for a bill of exceptions and transcript and the denial thereof is filed incident to the appeals.

Review of the partial bill of exceptions discloses that during the hearing the Judge of the Municipal Court on several occasions indicated that in his opinion a narrative bill of exceptions would suffice to demonstrate the claimed errors upon appeal and he tendered the co-operation of the court to counsel incident to the preparation and certification of such narrative bill. In this connection the court said:

"I would recommend to counsel the preparation of a narrative bill of exceptions, submitted to the prosecutor. I would be very happy to, as I've said before, add my recollection. I don't think there would be much problem about having a transcript, made up by the clerk, of the actual entries of the proceedings of the case. Primarily, counsel, I think, is interested in what we call the bill of exceptions. And as a substitute for that bill of exceptions, I will state that I am willing to—for both counsel for the defendant and the prosecutor—for preparing of a narrative statement. But I, with all due respect for the defendant's rights, counsel for the defendant has the burden at this time to return such a narrative—being the case went to the jury, they decided it."

The court also said:

"I want you, Mr. Clarence Smith, to know that, to the extent that I have indicated, I am certainly willing to cooperate with you in getting enough fact in the case reduced to writing so that you would be able to at least get into a higher court. Of these two or three fundamental items: law of arrest, suppression of evidence, introduction of former convicitions, those are important legal matters. I will give you every assist-

ance to enable you to properly present them to the higher court.''

Neither the defendant nor his counsel availed themselves of the opportunity afforded by the court to provide a narrative bill of exceptions. Counsel contended that, in the light of the number of questions presented, only a complete stenographic record would suffice.

In the majority opinion of the Supreme Court in *Griffin* v. *Illinois* (1956), 351 U. S. 12, 55 A. L. R. 2d 1055, it is stated: ''* * * We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases. The Illinois Supreme Court appears to have broad power to promulgate rules of procedure and appellate practice. We are confident that the State will provide corrective rules to meet the problem which this case lays bare.''

See, also, *Johnson* v. *United States*, 352 U. S. 565; *Eskridge* v. *Washington State Board of Prison Terms and Paroles*, 357 U. S. 214, 216; and *Coppedge* v. *United States*, 369 U. S. 438, 446, which avoid requiring a state to supply an indigent with a stenographic transcript of proceedings in every case, and would accept a narrative statement based upon the judge's notes or a so-called bystander's bill of exceptions. See, also, *Guerin* v. *Commonwealth* (1958), 337 Mass. 264, 149 N. E. 2d 220. This principle is also recognized in the recent case of *Draper* v. *Washington,* decided March 18, 1963, 372 U. S. 487, in which the court reiterates, at page 495:

''In considering whether petitioners here received an adequate appellate review, we reaffirm the principle, declared by the Court in *Griffin*, that a State need not purchase a stenographer's transcript in every case where a defendant cannot buy it. 351 U. S., at 20. Alternative methods of reporting trial proceedings are premissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps

on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. In the examples given, the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review. In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds—the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions.''

In the *Draper case* the judgment of the Washington Supreme Court was reversed because the record presented did not constitute a ''record of sufficient completeness,'' citing *Coppedge, supra.*

In the light of the record before us it affirmatively appears that the Judge of the Municipal Court offered to furnish the accused with a narrative bill of exceptions and thereby the defendant was not constitutionally deprived of due process of law or equal protection of the laws in prosecuting his appeals.

The conclusion reached makes it unnecessary for us to determine whether the rule announced in the *Griffin case* applies to misdemeanors as well as felonies and also whether the decision of the Supreme Court in *State* v. *Frato*, 168 Ohio St.

281, has been overruled, or as Judge Skeel says "destroyed" (Skeel, Baldwin's Ohio Criminal Manual, 1964 Supp., Section 144.3), by the 1959 amendments to Sections 2301.24, 2301.25 and 2953.03, Revised Code.

Consequently, the judgment of the Municipal Court in each appeal is affirmed, and the causes are remanded thereto for execution of sentence.

*Judgments affirmed.*

DEEDS and SMITH, JJ., concur.