GEORGE C. McMICHAEL & others *vs.* COUNTY COMMISSIONERS OF NORFOLK. April 6, 1964. Order for judgment affirmed. The petitioners, owners of land on Washington Street in Wellesley, seek a writ of certiorari to quash an adjudication of the county commissioners with respect to a petition for the widening and relocation of that street. The petition was denied. The ambiguous petition for the writ does not allege facts, as distinguished from conclusions, showing any failure to comply with applicable statutory provisions. See G. L. (Ter. Ed.) c. 82, §§ 3–6. Although two selectmen, the executive secretary of the selectmen, and the town engineer were signers of the petition, no facts averred reveal any unlawful conflict of interest between their duties as town selectmen and officials and their action as signers. See *McMichael* v. *Wellesley, ante,* 770. The petition states by way of conclusion that takings extended beyond the termini mentioned in the petition to the commissioners. No facts, however, are alleged which show that such takings were more than the establishment of building lines beyond such termini (intersecting roads) of a type permitted by c. 82, § 6, or that the present petitioners are aggrieved because their land was in an affected area outside the stated termini.

The case was submitted on briefs.

*Charles W. Lavers* for the petitioners.

*Allen Lawson & George P. Lordan* for the respondents.


COMMONWEALTH *vs.* RICHARD H. CROWELL. April 29, 1964. Appeal dismissed. The judge denied the defendant's motion under G. L. c. 278, § 29C, that he be permitted to withdraw his plea of guilty to so much of an indictment, charging him with murder in the first degree, as charged murder in the second degree; that his sentence under G. L. c. 265, § 2, be revoked; and that he be allowed to stand trial. The denial of the motion rested in the discretion of the judge. *Commonwealth* v. *Sitko,* 346 Mass. 765, and cases cited. *Commonwealth* v. *Abboud,* 346 Mass. 765. Although the case is not properly before us in any one of the several permissible ways recognized and discussed in *Guerin* v. *Commonwealth,* 337 Mass. 264, 266–268, we have, nevertheless, in our consideration of the case, studied the record and the transcripts in the successive proceedings and conclude that the action of the judge was eminently just. We disregard the "bill of exceptions" which was never allowed (*Commonwealth* v. *Robinson,* 295 Mass. 471, 472–473) and the "assignment of errors" which does not relate to any exception saved by the defendant. *Commonwealth* v. *Gray,* 314 Mass. 96, 102. We treat the defendant's "appeal" as an effort to impeach the judgment upon matter of law apparent on the record. *Guerin* v. *Commonwealth,* 337 Mass. 264, 266. We find no error in this respect or otherwise.

*Paul D. Doherty* for the defendant.

*John T. Gaffney*, Assistant District Attorney, for the Commonwealth.