COMMONWEALTH *vs.* WILLIAM M. GILDAY, JR. May 5, 1970. The defendant, while represented by counsel, was convicted by a jury on three indictments, respectively, for carrying a revolver in a motor vehicle without a permit, G. L. c. 269, § 10; possessing narcotic drugs, G. L. c. 94, § 205; and possessing harmful drugs, G. L. c. 94, § 187B. On the same day he was sentenced to three concurrent one year sentences. The time for filing a bill of exceptions or taking an appeal having expired, the trial judge denied his motion for a free copy of the transcript. The defendant, who apparently is without counsel, is now pressing his exception to this denial. He alleges his own indigence, and relies upon such cases as *Griffin* v. *Illinois*, 351 U. S. 12, *Long* v. *District Court*, 385 U. S. 192, and *Gardner* v. *California*, 393 U. S. 367. He now is endeavoring to proceed upon writ of error. G. L. c. 250, §§ 1, 2, 9–13. This is a restricted remedy, and is limited to a review of matters of law apparent on the record of the court in which the judgment was entered. Evidence heard at the trial on the merits is no part of the record and cannot be considered on writ of error. *Guerin* v. *Commonwealth*, 337 Mass. 264, 268. The defendant argues that he is in the process of filing a petition for writ of error and assignment of errors and needs the transcript to accomplish the filing of these papers. He has not made any showing of a reasonable need for a transcript for this particular form of review. *Guerin* v. *Commonwealth, supra,* at pp. 269–270. The present record discloses no circumstances such as those considered in *Sandrelli* v. *Commonwealth*, 342 Mass. 129, 141–143. See *Shoppers' World, Inc.* v. *Assessors of Framingham*, 348 Mass. 366, 376. The record contains a list of fourteen alleged errors, broadly stated, none of which shows such a need, or seemingly could help on writ of error, regardless of the defendant's indigence.

*Exceptions overruled.*

*William M. Gilday, Jr.,* pro se.
*John N. Nestor,* Assistant District Attorney, for the Commonwealth.