## In re BRUCE.

### (Circuit Court, D. Maryland. June 25, 1904.)

1. **EXTRADITION—INTERSTATE—FLEEING FROM JUSTICE.**

    In construing a statutory provision excepting from the limitation of time for prosecuting crimes "any person fleeing from justice," for the purpose of determining the sufficiency of an indictment to support proceedings for extradition, the exception should be held to apply to any person who, being within the state at the time the alleged offense was committed, failed for any reason to remain therein until the bar of the statute was complete, and it is immaterial that he did not leave for the purpose of avoiding prosecution.

2. **SAME—LIMITATION OF PROSECUTION—ABSENCE FROM STATE.**

    The New Jersey statute provides that no person shall be prosecuted for any offense not punishable with death unless indicted within two years from its commission, provided that the limitation shall not extend to any person fleeing from justice. Petitioner was indicted for an alleged offense committed in New Jersey some five years previously. It appeared that he then resided in the state, and continued to so reside for about a year thereafter, when he moved his domicile to another state. He was thereafter in the state temporarily from time to time, but not exceeding 18 months in all, including his time of residence after the time of the alleged offense. *Held*, that he was within the exception to the statute, and the indictment was not barred thereunder.

Writ of habeas corpus to release the petitioner, Thomas Bruce, held in custody under the warrant of the Governor of Maryland upon the demand of the Governor of New Jersey, and alleged to be a fugitive from justice of the state of New Jersey, where he had been indicted for the crime of bigamy.

E. A. Poe, for the State of New Jersey.

Thomas Ireland Elliott, R. B. Tippett, and Wilson J. Carroll, for petitioner.

MORRIS, District Judge. The Circuit Court of Appeals for the Fourth Circuit having reversed the former ruling of this court dismissing the writ (Bruce v. Rayner, 124 Fed. 481, 62 C. C. A. 501), it is now the duty of this court, upon the testimony which has been adduced before it, to determine whether the petitioner is a fugitive

¶ 1. See Criminal Law, vol. 14, Cent. Dig. § 278.

from justice, in the sense of the acts of Congress in relation to the interstate extradition of persons charged with crime, and in the sense of the proviso of the statute law of New Jersey excepting from the benefit of its statute of limitation in criminal cases persons fleeing from justice.

If there were no question arising under the New Jersey statute of limitations, the matter, I think, would be free from difficulty. It is admitted, and from the inception of these habeas corpus proceedings has been admitted, that the petitioner, in the city of Newark, N. J., on March 11, 1897, contracted the marriage which the indictment charges was bigamous, and that after the indictment was filed, and when the warrant for his arrest was issued by the New Jersey court having jurisdiction of the crime, the petitioner was not within its jurisdiction, but was found in Maryland. These facts present a prima facie case requiring compliance, under section 5278 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 3597], with the demand of the Governor of New Jersey, so far as affected by the question of the applicant being prima facie a fugitive from justice.

In Roberts v. Reilly, 116 U. S. 80–97, 6 Sup. Ct. 291, 29 L. Ed. 544, the Supreme Court said:

"To be a fugitive from justice, in the sense of the act of Congress regulating the subject under consideration, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed after an indictment found, or for the purpose of avoiding prosecution anticipated or begun, but simply that, having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process, to answer for his offense, he has left its jurisdiction, and is found within the territory of another."

And in Ex parte Reggel, 114 U. S. 642–651, 5 Sup. Ct. 1148, 29 L. Ed. 250, the Supreme Court said:

"The appellant was entitled, under the act of Congress, to insist upon proof that he was within the demanding state at the time he is alleged to have committed the crime charged, and subsequently withdrew from her jurisdiction, so that he could not be reached by her criminal process."

The difficulty in the present proceeding arises when this court proceeds to consider the defense set up by the applicant to the prima facie case. The offense charged in the indictment is alleged to have been committed March 11, 1897, and the indictment was found in December, 1902—a lapse of over five years. A statute of New Jersey enacts that no person shall be prosecuted, tried, or punished for any offense, not punishable with death, unless the indictment shall be found within two years from the time of committing the offense, provided that nothing therein contained shall extend to any person fleeing from justice.

The Circuit Court of Appeals held on the appeal in the present case that this court should determine, upon evidence: First. Whether the accused was within the state when the crime charged is alleged to have been committed. That fact the applicant has never controverted. "Second. That, being amenable to original process, he either concealed himself or avoided it so that he could not be served, or that he departed the state and so avoided serv-

ice. If, therefore, it could be shown that he did not conceal himself within the state during the period in which he was amenable to criminal process, this would be evidence tending to establish the fact that he was not a fugitive from justice. This testimony would not go to the sufficiency of the indictment, or to any matter of defense. It would be directed solely to the question whether he was a fugitive from justice—a question of fact. The court, as has been seen, can inquire whether the accused was within the state at the date of the alleged crime, and, pursuing its inquiry, it can ascertain if, being within the state at that time, he remained within reach of its criminal process during the whole period for which such process could run. If this be established, then it could reasonably be concluded that he is not a fugitive from justice, and so not within the provisions of the Constitution or the act of Congress." 124 Fed. 485, 486, 62 C. C. A. 505, 506.

The petitioner's testimony given before this court is that up to two weeks before his marriage he had been living in New York; that he was married in New Jersey, March 11, 1897, and lived there with the lady he then married until January or February, 1898, when, on business of a corporation by which he was employed, he went to Pittsburg, and remained there and in West Virginia, pursuing his employment, until the latter part of August, 1898, when he made a trip to New York City. He says he stopped off at Jersey City, and, living at a hotel there, he went every day to New York City to attend to his business. He then returned to Pittsburg, and was there during October and November, 1898; going occasionally to New York City, and stopping for a night or two at a time at hotels in Jersey City. From December, 1898, the petitioner was employed in Pittsburg, and remained there until March, 1899. In April, 1899, he entered upon an employment which required him to go to West Virginia, and he remained there from April to July, 1899. In July, 1899, he went to Philadelphia, and while there made visits to New York City. He then returned to Pittsburg, and remained until he went to West Virginia again in December, 1899. In the latter part of December, 1899, he returned to Philadelphia, and was there until April, 1900, with occasional visits to New York City. In April, 1900, he went on business to Mexico, and was gone until June, when he returned to Philadelphia. Being in poor health, he went to Atlantic City for two weeks, and then into Pennsylvania, and then returned to Atlantic City, and was there until November, 1900. After that he was living in New York City, with occasional short absences on business until September, 1902, when he went to Garrett county, Md., and then came to Baltimore, where he was arrested December 28, 1902. On June 5, 1898, the petitioner wrote to Mrs. Bruce to give up the house and furniture in Newark, N. J., where they had been living before he went to Pittsburg, and to get rooms, as he would have to remain away until his work was finished and his debts paid. She thereupon gave up the house and went to live in New York. From that time he had no domicile in New Jersey, and was only in that state as he passed through to New York City, or stopped over a

night now and then at Jersey City, except a visit of perhaps three months at a hotel in Atlantic City.

No case has been cited showing the construction put upon the New Jersey statute of limitations by the courts of that state. As to the meaning of the words "fleeing from justice," in an exception to a statute limiting the time of prosecutions, without determining what weight it might be proper for a jury in a trial upon the merits to give to the motives and intentions of the accused in absenting himself from the state, it seems clear to me that this court should not regard them when called upon to decide under this writ of habeas corpus the question of whether or not the action of the Governor of Maryland in remanding the petitioner was justifiable. 1 Moore on Extradition, § 441. In Streep v. United States, 160 U. S. 134, 16 Sup. Ct. 244, 40 L. Ed. 365, it was held that section 1045 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 726], which excepts from the limitation of time for prosecuting crimes "any person fleeing from justice," must receive the same construction as given to section 5278 [U. S. Comp. St. 1901, p. 3597], in the case of Roberts v. Reilly, 116 U. S. 80–97, 6 Sup. Ct. 291, 29 L. Ed. 544, which was that it was not necessary that the party charged should have left the state for the purpose of avoiding a prosecution anticipated or begun, but only that he had left the one jurisdiction, and was found in another. It is immaterial, therefore, that the petitioner in this case left New Jersey openly and in the legitimate pursuit of his business. The only question at this hearing, and for the purposes of this application, is whether, as held by the Circuit Court of Appeals, being within the state of New Jersey at the time of the alleged crime, "he remained within reach of its criminal process during the whole period for which process could run." Upon the petitioner's statement, he lived in New Jersey from March 11, 1897, until, say, the latter part of January, 1898—a period of less than eleven months. In Howgate v. United States, 7 App. Cas. D. C. 217–244, it was said by Mr. Justice Morris:

"We must take the statute to mean what the language plainly imports— that a person who flees from justice before its bar takes effect shall have no benefit whatever from it."

But even if in favor of the accused, we give the statute the most liberal construction, and compute all the subsequent time that he was in Jersey City for a day at a time, and his visit of three months to Atlantic City, the most liberal estimate could not possibly reckon up as much as 18 months, in all, that he was in New Jersey after the date of the alleged crime. This is not the case of a person having a domicile in New Jersey, and being absent from time to time, attending to his business, and intending to return. After the petitioner instructed Mrs. Bruce, in June, 1898, to give up their home, and she removed to New York City, and he expressed his intention of remaining at Pittsburg until his work was finished and his debts paid, he never had a domicile in New Jersey; and his presence in that state afterwards was transient and brief, and for specific purposes, and without any intention of remaining. It cannot, therefore, be said, in any aspect of the facts, that the petitioner was within reach of the criminal process of New Jersey

during the whole period of two years during which he might have been prosecuted.

The writ will be discharged, and the petitioner remanded.