## McGOWEN v. UNITED STATES.

### No. 7303.

United States Court of Appeals for the District of Columbia.

Decided June 19, 1939.

James J. Laughlin, of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and Howard Boyd and Stephen P. Haycock, Asst. U. S. Attys., all of Washington, D. C.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

EDGERTON, Associate Justice.

Defendant appeals from a conviction of forgery. The sole question is whether prosecution was barred by the statute of limitations. Section 582 of the Criminal Code provides that "No person shall be prosecuted, tried, or punished for any offense," with exceptions not material here, "unless the indictment is found * * * within three years next after such offense shall have been committed."[1] Section 583 provides: "Nothing in sections 581 and 582 of this title shall extend to any person fleeing from justice."

The indictment was found on March 3, 1937, and fixes the date of the crime as January 23, 1934. It is stipulated that the defendant "shortly after January 24, 1934, absented himself from the District of Columbia and thereafter remained continu-

---

[1] 18 U.S.C. § 582, 18 U.S.C.A. § 582.

ously absent therefrom" until February 26, 1938; and that from January 29, 1934 to February 26, 1938, he was confined in a penal institution in Virginia. The record contains no other pertinent facts.

 "To be a fugitive from justice, in the sense of the act of congress regulating the subject under consideration, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offence, he has left its jurisdiction, and is found within the territory of another." The Supreme Court first used that language with regard to the extradition law,[2] but afterwards expressly applied it to the statute here involved.[3] Accordingly appellant, when he left the District after committing forgery, was a "person fleeing from justice," regardless of his motive in leaving.

 Appellant urges that he was no longer "fleeing" while he was a prisoner in Virginia. But the reason for his continued absence would seem to be no more material, on the question of "fleeing," than the reason for his original departure. Moreover, the question whether he continued to be "fleeing" is itself immaterial. Just as "any person selling drugs" is equivalent, in statutory language, to "any person who shall sell drugs," so "any person fleeing from justice" is equivalent to "any person who shall flee from justice." The statute does not say "any person fleeing from justice and continuing in flight for three years." "We must take the statute to mean what its language plainly imports, that a person who flees from justice before its bar takes effect shall have no benefit whatever from it."[4] The question is not whether he remained out of the District for any particular reason, or at all; it is enough that he did not remain for three years within the District.[5]

Affirmed.

---

[2] Roberts v. Reilly, 116 U.S. 80, 97, 6 S.Ct. 291, 300, 29 L.Ed. 544.

[3] Streep v. United States, 160 U.S. 128, 134, 16 S.Ct. 244, 40 L.Ed. 365. Cf. Appleyard v. Massachusetts, 203 U.S. 222, 229, 27 S.Ct. 122, 51 L.Ed. 161, 7 Ann. Cas. 1073.

[4] Howgate v. United States, 7 App.D.C. 217, 244.

[5] In re Bruce, C.C., 132 F. 390, 393, affirmed, 4 Cir., 136 F. 1022.