**WALLACE et al. v. HUNTER, Warden.**

**No. 3101.**

Circuit Court of Appeals, Tenth Circuit.

April 18, 1945.

Alva Wallace and Roy Story, pro se.

Eugene W. Davis, Asst. U.S. Atty., of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus.

An indictment was returned against Wallace and Story in the District Court of the United States for the District of South Dakota, Southern Division. It charged a violation of 12 U.S.C.A. § 588b. It alleged that the offense was committed on or about July 24, 1936, in the Northern Division of the State and District of South Dakota; that immediately after the commission of such offense, Wallace and Story fled from the District of South Dakota and became fugitives from justice and remained away from such District until proceedings were instituted by the United States for their apprehension and arrest; and that Story was arrested in Springfield, Illinois, and Wallace in Detroit, Michigan.

The application for the writ was based upon the following grounds: (1) That a confession was obtained from Story by duress and that it was improperly admitted in evidence; (2) that the confession was improperly admitted in evidence against Wallace; (3) that the offense was barred by the statute of limitations; (4) that the grand jury sitting in the Southern Division was without authority to return an indictment for an offense committed in the Northern Division; and (5) that petitioners were deprived of witnesses for their defense at the trial on the criminal charge.

At the habeas corpus hearing Story testified that at the trial on the criminal charge he testified that "they threatened me to give it," referring to the confession. The confession, on its face, recites: "I make this statement freely and voluntarily, no force, coercion, threat, promise or inducement having been made in order to obtain this statement from me. I have been advised that I am not required to make this statement, that I have the right to an attorney, and that this statement may be used against me in Court." The evi-

dence adduced at the habeas corpus hearing affords no basis for a holding on this, a collateral attack, that the trial court and jury were not fully warranted in finding that the confession was freely and voluntarily made. Assuming, without deciding, that the record justifies the conclusion that Story's confession went to the jury without an instruction that it should not be considered as evidence against Wallace, it amounted to nothing more than error in the admission of evidence, which affords no ground for discharge on habeas corpus. Habeas corpus cannot be utilized as a substitute for appeal.[1]

The indictment was returned more than three years after the offense was committed. 18 U.S.C.A. § 582 provides that "No person shall be prosecuted, tried, or punished for any offense, not capital, * * * unless the indictment is found, * * * within three years next after such offense shall have been committed," but 18 U.S.C.A. § 583 provides that "Nothing in sections 581 and 582 of this title shall extend to any person fleeing from justice." Statutes of limitations do not run in favor of fugitives from justice.[2] Moreover, the bar of the statute of limitations is not a ground for discharge on habeas corpus.

The indictment recites that the grand jury was impaneled, sworn, and charged by the court to inquire within the District of South Dakota. It, therefore, could lawfully return an indictment for an offense committed in the Northern Division.[3]

The petitioners were represented at the trial by counsel of their own choosing. They requested him to cause certain witnesses to be subpoenaed in their behalf. He did not cause subpoenas to be issued and served upon such witnesses and did not request compulsory process for such witnesses. Petitioners did informally request the United States Attorney to cause such witnesses to be subpoenaed as government witnesses. In other words, they requested that such witnesses be subpoenaed as government witnesses at government expense. Such request was refused. The right to compulsory process under the Sixth Amendment and under § 1034 of the Revised Statutes, 18 U.S.C.A. § 563, includes the issuance and service of such process but not payment by the government of the expenses of the witnesses.[4] There was no denial of compulsory process guaranteed by the Sixth Amendment.

Affirmed.

---

[1] Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732.

[2] Forthoffer v. Swope, 9 Cir., 103 F.2d 707, 708; McGowen v. United States, 70 App.D.C. 268, 105 F.2d 791, 124 A.L.R. 1047; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957, 960.

[3] Salinger v. Loisel, 265 U.S. 224, 235–238, 44 S.Ct. 519, 68 L.Ed. 989; Marvel v. Zerbst, 10 Cir., 83 F.2d 974, 976, affirmed 299 U.S. 518, 57 S.Ct. 311, 81 L.Ed. 382.

[4] Casebeer v. Hudspeth, 10 Cir., 121 F.2d 914, 916; Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, 385.