## GREEN v. UNITED STATES.

### No. 10797.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 14, 1951.

Decided March 8, 1951.

Writ of Certiorari Denied June 4, 1951.

See 71 S.Ct. 1008.

Frank Green, pro se, for appellant.

Joseph F. Goetten, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., and William S. McKinley and Joseph M. Howard, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

PER CURIAM.

Appellant has been convicted of obtaining money by false pretenses. D.C.Code (1940) § 22–1301, 50 Stat. 628. He represented a bad check as good and got a hotel to cash it. He then left the District of Columbia without paying his hotel bill. He was arrested in Tennessee, and returned here for trial, several years later.

The statute of limitations, on which he relies, did not run during his absence. This is true even if he did not, as apparently he did, leave to avoid prosecution. "The question is not whether he remained out of the District for any particular reason, or at all; it is enough that he did not remain for three years within the District." McGowen v. United States, 70 App. D.C. 268, 269, 105 F.2d 791, 792, 124 A.L. R. 1047.

The court rightly admitted in evidence some 13 other bad checks which appellant represented as good, and for which he got cash, at about the same time as the one on which he was convicted. "The question was one of fraudulent intent or not; and upon questions of that sort * * * it has always been deemed allowable * * * to introduce evidence of other acts and doings of the party, of a kindred character." Wood v. United States, 16 Pet. 341, 41 U.S. 341, 358, 10 L.Ed. 987. "Knowledge of the falsity of the other representations need not be shown * * * It is the mere recurrence of similar incorrect (not necessarily knowingly false) representations which leads to the belief that they could not have been made innocently; we may assume that any given one might have been innocent, but cannot concede this

when we notice the recurrence." 2 Wigmore on Evidence, 3 ed., § 321(2) (c).

█ Since "jurisdiction in a criminal case is not impaired by the fact that the accused was brought before the court in an unlawful manner," Sheehan v. Huff, 78 U.S.App.D.C. 391, 142 F.2d 81, we need not consider appellant's criticism of the warrant on which he was arrested. Cf. Gillars v. United States, 87 U.S.App.D.C. 16, 182 F.2d 962, 972.

We find no merit in appellant's other contentions.

Affirmed.