WILLIAM J. COUTURE *vs.* COMMONWEALTH.

Suffolk.    October 6, 1958. — November 3, 1958.

Present: RONAN, SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Limitations, Statute of.    Error, Writ of.    Estoppel.*

A defendant convicted of a crime committed many years before the return of the indictment therefor, who could have raised but did not raise at his trial the issue of the statute of limitations, was not entitled subsequently to raise that issue by writ of error to set aside the judgment of conviction. [33–34]

A defendant imprisoned in another State during the greater part of nine years between the time of his commission of a crime other than murder in Massachusetts and the time of his indictment here therefor was "not usually and publicly resident" here during the period of such imprisonment within G. L. (Ter. Ed.) c. 277, § 63, even if he retained a domicil here during that period. [34]

The mere fact that one imprisoned for crime in Rhode Island had been forcibly removed from Massachusetts to Rhode Island by Rhode Island officers to stand trial there for such crime would not estop Massachusetts, in subsequently prosecuting him for crimes committed here before such removal to Rhode Island, from relying on his absence from Massachusetts during his imprisonment in Rhode Island as tolling the statute of limitations, G. L. (Ter. Ed.) c. 277, § 63. [35]

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on July 18, 1952.

The case was heard by *Wilkins,* J.

*Alfred P. Farese, (Vincent J. Modica* with him,) for the petitioner.

*Samuel H. Cohen,* Assistant Attorney General, for the Commonwealth.

SPALDING, J.    This is a petition for a writ of error to set aside judgments in three criminal cases.

On December 5, 1951, the grand jury for Suffolk County returned three indictments charging the petitioner with having committed the following offences on September 23, 1942:    (1) assault with intent to murder while armed,

(2) carrying a weapon without a license, and (3) assault with intent to rob while armed. Each indictment contained an allegation that between September 23, 1942, and the date of the indictment the petitioner "was not usually and publicly resident within the said Commonwealth." During the greater part of that time the petitioner was confined in prison in Rhode Island for crime committed in that State.

On March 21, 1952, after a trial in which he was represented by experienced and competent counsel, the petitioner was found guilty on the three aforementioned indictments and was sentenced to a term in State prison on each, which he is now serving.

In the petition the only error assigned is that the three indictments "are illegal and contrary" to the statutes of the Commonwealth and to the Constitution of the Commonwealth and of the United States. The petitioner now concedes that the indictments were not improper. We agree.[1]

At the hearing before the single justice the petitioner presented a much broader question, namely, that the statute of limitations (G. L. c. 277, § 63) was not tolled during the period of his incarceration in Rhode Island.

From evidence introduced before him the single justice found these facts. "On September 30, 1942, . . . [the petitioner] was employed and resided in Taunton in this Commonwealth. On that night, police officers from Providence, Rhode Island, without a warrant went to the room where . . . [the petitioner] was living, and took him and one Howarth, who was asleep there, to the Taunton police station. Later that night, still without a warrant, the Providence police took . . . [the petitioner] and Howarth to Rhode Island."

The single justice ruled, in ordering the judgments affirmed, that during the period of his imprisonment in Rhode Island the petitioner was not "usually and publicly

---

[1] We do not intimate that it was necessary for the Commonwealth to plead, as it did in the indictments, the exception tolling the statute. See G. L. c. 277, § 37; *Commonwealth* v. *Hart*, 11 Cush. 130; *Murray* v. *Continental Ins. Co.* 313 Mass. 557, 563; *United States* v. *Cook*, 17 Wall. 168. But see *State* v. *Snyder*, 182 Mo. 462; *State* v. *Steensland*, 33 Idaho, 529.

resident within the Commonwealth" within the purview
of G. L. c. 277, § 63, and that the conduct of the Rhode
Island police did not affect the right of this Commonwealth
to prosecute for the crimes covered by the three indictments.
The petitioner challenges this ruling. It is not disputed
that if the statute of limitations was not tolled during the
period of the petitioner's imprisonment in Rhode Island the
petitioner would have had a good defence.

The issue of the statute of limitations was a defence which
the petitioner could and should have raised at the trial.
*United States* v. *Cook,* 17 Wall. 168. *Biddinger* v. *Commis-
sioner of Police of N. Y.* 245 U. S. 128, 135. *Forthoffer* v.
*Swope,* 103 F. 2d 707, 709 (9th Cir.). *United States* v.
*Parrino,* 203 F. 2d 284, 286–287 (2d Cir.), cert. den. sub
nom. *Parrino* v. *United States,* 348 U. S. 840. *Lincoln* v.
*State,* 199 Md. 194, 202. Speaking broadly, the review under
a writ of error "is of matters of law apparent on the record
of the court in which the judgment was entered as disclosed
by the return." *Berlandi* v. *Commonwealth,* 314 Mass. 424,
427. "It is a restricted remedy. 'Evidence heard at the
trial on the merits is no part of the record and hence cannot
be considered on a writ of error.'" *Guerin* v. *Common-
wealth,* 337 Mass. 264, 268. The errors of fact which may
be reviewed on a writ of error are set forth in detail in the
case just cited at page 268. The issue sought to be raised
here does not come within any of the classes there enumer-
ated. The record of the Superior Court reveals nothing
that has any bearing on the issue of the subject of the
statute of limitations and hence there is nothing apparent
on the record touching this issue which may be reviewed.
A party seeking relief by writ of error under the statutory
authority must take the remedy with its limitations. *Dolan*
v. *Commonwealth,* 304 Mass. 325, 333. The petitioner was
not without an adequate remedy. He could have brought
the cases here as matter of right either by exceptions (G. L.
c. 278, § 31), or by appeal if they were made subject to G. L.
c. 278, §§ 33A–33G, as amended, and in either case could

have had a review much broader than that afforded by a writ of error, but he did not see fit to do so. We are of opinion that the petitioner was not entitled to raise the question here sought to be raised on a writ of error. However, since the result will be the same and the question is one which this court has never passed on, we shall proceed to the merits.

There was no error.

General Laws (Ter. Ed.) c. 277, § 63, provides in part: "An indictment for any other crime [than murder] shall be found and filed within six years after the crime has been committed; *but any period during which the defendant is not usually and publicly resident within the commonwealth shall be excluded in determining the time limited*" (emphasis supplied). The issue, then, is whether the petitioner was "not usually and publicly resident within the commonwealth" for a time sufficient to prevent the expiration of the period of limitation. The petitioner was not "usually and publicly resident" within this Commonwealth during the time he was imprisoned in Rhode Island, unless the Legislature can be said to have contemplated that only periods of *voluntary* absence will toll the statute. The statute, however, is unambiguous; it provides that the period of limitation is tolled during *any* period a person accused of crime is absent from the Commonwealth. There is no warrant here for the introduction of an exception not specified or contemplated by the Legislature. Decisions in other jurisdictions with similar statutory provisions support this conclusion. *People* v. *Carman,* 385 Ill. 23. *Traxler* v. *State,* 96 Okla. Cr. 231, 236–238. And see *McGowen* v. *United States,* 105 F. 2d 791 (D. C. Cir.), cert. den. 308 U. S. 552; *Green* v. *United States,* 188 F. 2d 48 (D. C. Cir.); *Taylor* v. *United States,* 238 F. 2d 259, 260 (D. C. Cir.).

That the petitioner may have considered Taunton as his domicil during the entire period of his imprisonment in Rhode Island and that he may have never intended to change his legal residence is irrelevant here. It may be readily conceded that a person's domicil is unaffected by an involuntary absence. However, the words of § 63 under

consideration are not to be equated with domicil. See *People* v. *Carmen,* 385 Ill. 23.

The petitioner's final contention is that the Commonwealth is estopped from prosecuting him for crimes committed in Massachusetts because he was forcibly taken from this jurisdiction to Rhode Island by Rhode Island officers to stand trial there. There is no merit in this contention. We need not decide whether there might be situations where the Commonwealth had participated in the illegal seizure and removal of a defendant to such an extent that it could not in fairness avail itself of the exception tolling the statute, for the record here does not reveal anything of that sort.

*Exceptions overruled.*