THOMAS F. RICHARDSON *vs.* COMMONWEALTH.

Suffolk.    November 4, 1968. — January 2, 1969.

Present:  WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Error, Writ of.*

A writ of error was not to be used by a defendant convicted in a criminal proceeding, wherein he was represented by counsel, to litigate certain questions of a procedural or evidential nature, but not of constitutional magnitude, which had been or could and reasonably should have been raised at the trial in the criminal proceeding and considered upon direct appellate review therein.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on March 4, 1965.

The case was heard by *Cutter*, J.

*Louis M. Nordlinger* (*Charlotte Anne Perretta* with him), for Thomas F. Richardson.

*Bruce G. McNeill*, Deputy Assistant Attorney General (*Willie J. Davis*, Assistant Attorney General, with him), for the Commonwealth.

WILKINS, C.J.   This is a petition for writ of error by one of eight defendants convicted of participation in the armed robbery on January 17, 1950, at the premises of Brink's, Incorporated, when $1,219,000 was stolen.   The single justice affirmed the judgments, and filed a statement of his findings and rulings.   Richardson alleged exceptions.

The various indictments were found and returned on January 13 and 16, 1956.   *Commonwealth* v. *Geagan*, 339 Mass. 487.   The defendants other than Richardson and Faherty were arrested on January 12, 1956.   These two defendants were absent from their homes and customary vocations from January 12 to May 16, 1956, when they were arrested in an apartment at 87 Coleman Street, Dorchester, where they were living, by F. B. I. agents, who had Federal warrants for both.   *Geagan* case, at p. 511.

Trial, which was made subject to G. L. c. 278, §§ 33A–33G, began the following summer.   Examination and selection of jurors consumed over sixteen trial days from August 7 to 29, 1956.   Following the taking of evidence and arguments of counsel, the cases were submitted to the jury on October 5, 1956, and verdicts of guilty were returned on the following day.   The cases were argued before the full court on February 11, 1959, and our opinion in *Commonwealth* v. *Geagan*, 339 Mass. 487 (cert. den. 361 U. S. 895), was issued on July 1, 1959. Habeas corpus proceedings in the Federal courts were unsuccessful.   *Geagan* v. *Gavin*, 181 F. Supp. 466 (D. Mass.), affd. 292 F. 2d 244 (1st Cir.), cert. den. 370 U. S. 903.

The single justice found that all the defendants were represented by experienced counsel at the original proceedings.   The present petition was filed on March 4, 1965. On July 6, 1965, new counsel, who had no connection with that trial or with the subsequent proceedings, appeared for

Richardson. Upon an amended assignment of errors he contended that Richardson had not been accorded a fair trial.

Some evidence admitted before the single justice was addressed to assignments of error 2 and 3 (a). Assignment 2 somewhat confusedly alleged error in allowing statements of one Shanahan, a police stenographer, to be read to the jury, and in an alleged denial of Richardson's request that his counsel be present during the questioning. Assignment 3 (a) alleged that the judge allowed prejudicial testimony of officers of the Federal Bureau of Investigation, and that one of these officers testified that Richardson refused to take a lie detector test.

The single justice found that he was not convinced by Richardson's testimony before him that Richardson ever said anything to the F. B. I., the Boston police, or anyone in the District Attorney's office about his counsel; and that what he did say to the Boston police, as indicated in a transcript of an interrogation of Richardson at the District Attorney's office on May 17, 1956, was, in effect, that he would not talk or answer questions in the absence of his counsel. The single justice noted that objections made at the jury trial to the interrogation of Richardson before Captain Wilson and to Shanahan's testimony concerning it were on limited grounds; and that the exceptions saved, so far as argued on behalf of Richardson, were discussed in *Commonwealth* v. *Geagan*, 513–515. The single justice made the assumption that our writ of error is broad enough to raise questions of constitutional magnitude where a defendant has been denied liberty without due process of law or fair opportunity to assert some constitutional right at or before his original trial.

In our opinion Richardson raises no questions of constitutional magnitude. We agree with the opinion of the single justice that a judge is not required to permit use of the writ to retry evidential or procedural questions, which were, or could and reasonably should have been, raised at the original trial by a defendant then represented by counsel and which should have been reviewed under G. L. c. 278, §§ 33A–33G,

or under some other proper procedure, in the circumstances. *McGarty* v. *Commonwealth*, 326 Mass. 413, 415–416. The single justice rightly ruled on the record before him that as matter of law nothing required the determination by writ of error of issues related to the introduction in evidence of Shanahan's testimony. See *Guerin* v. *Commonwealth*, 337 Mass. 264, 267–270; *Couture* v. *Commonwealth*, 338 Mass. 31, 33; *Dirring, petitioner*, 344 Mass. 522, 523–524.

The single justice considered the following assignments of error which he said were governed by his ruling relating to attempts by a defendant, represented by counsel at his original trial, to relitigate by writ of error procedural and evidential issues which fairly were, or could and should have been, considered at the original trial and upon direct and prompt appellate review.

Assignment 1. One indictment charged armed robbery in three counts, each alleging armed assault upon a different named employee with intent to rob him of money of the value of $1,219,000 of the property of Brink's. A motion to quash was based on the assertion that it was impossible to determine whether the defendants were charged with the robbery of $1,219,000 or three times that amount. See G. L. c. 277, § 47A. This assignment as to the form of the indictment is palpably without merit. An examination of the proceedings would reveal that the jury could have had no doubt of the amount of the robbery with which the defendants were charged.

Assignment 3. An F. B. I. agent testified that in 1952 he saw Richardson at the Army Base in Boston, where the latter worked. Richardson was invited to the F. B. I. office to discuss the Brink's case. He declined to go or to take a polygraph test. No objection was made to this testimony at the jury trial, and Richardson did not assign this ruling as error. The single justice rightly ruled that it was not to be relitigated in the present case.

Assignment 4. Agents of the F. B. I. testified as to observations they made at the time of Richardson's arrest, and as to certain articles, including weapons and hair dye

they seized at that time, which were admitted in evidence over objections based on lack of relevancy. These questions were discussed in the *Geagan* case, pp. 511–512. Every issue now sought to be raised under this assignment could have been presented at the jury trial and in direct review of it. If any question of reasonable search in connection with the arrest is deemed to be raised, the single justice noted that the *Geagan* case was decided two years before *Mapp* v. *Ohio*, 367 U. S. 643 (June 19, 1961), which superseded *Commonwealth* v. *Wilkins*, 243 Mass. 356, 358–362. See *Linkletter* v. *Walker*, 381 U. S. 618, 622–629; *Tehan* v. *Shott*, 382 U. S. 406, 409–419.

Assignment 7. The defendant Baker, shortly after his arraignment, moved for a mental examination of the codefendant O'Keefe, who had pleaded guilty and was the principal witness for the Commonwealth (339 Mass. at p. 493). The motion was denied. No assignment of error was made, and the point was not argued before us in the *Geagan* case. No such motion was made by Richardson at any time. The single justice ruled that it had become too late to make this contention; that the question was one for the discretion of the trial judge which was not abused; and that there would have been no merit in the contention even if made by Richardson seasonably. These rulings were correct. *Commonwealth* v. *Welcome*, 348 Mass. 68, 69. G. L. c. 123, § 99.

We reject the contention that Richardson's trial was unfair.

*Exceptions overruled.*