UNITED STATES of America

v.

BELIMEX CORPORATION and Bernard Liebermann, Defendants.

No. 65 Cr. 1075.

United States District Court,
S. D. New York.

Dec. 10, 1971.

Whitney North Seymour, Jr., U. S. Atty., by Barbara Ann Rowan, New York City, for the United States.

Mark D. Lebow, Coudert Brothers, New York City, for defendants.

MOTLEY, District Judge.

*Memorandum Opinion*

I.

Defendants Belimex Corporation and Bernard Liebermann are charged in a six-count indictment, filed December 6, 1965 in the Southern District of New York, with having misrepresented to agencies of the Department of Commerce the ultimate destination of ball bearings for export, in violation of 18 U.S.C. § 80 (1946), prohibiting the making of knowing misrepresentations to government agencies.[1] The alleged misrepresentations are said to have been made in June, August, and September of 1948.

Defendant Belimex is a New York subsidiary of a European corporation established by Liebermann, in which he owns a controlling interest. Liebermann has never served as an officer or director of Belimex, however.

Belimex was incorporated in 1947. Since 1948, when its president and secretary (the only corporate officers) resigned, it has had no officers or directors. It has nevertheless continued to pay franchise taxes to New York State.

Defendant Liebermann, a French citizen, has resided continuously in Europe throughout his life. He did not appear personally in a Department of Commerce proceeding, related to the instant indictment, brought against him in 1948, although counsel appeared on his behalf. The last occasion when Liebermann was in the United States was in April, 1948, prior to the period when the acts charged in the indictment were alleged to have been performed.

Defendants move to dismiss the indictment on two grounds: first, that the indictment was not filed within the period provided by the applicable statute of limitations and, second, that the failure of the government to prosecute the indictment speedily violated defendants' rights under the Sixth Amendment to the Constitution. We need not reach the second ground since we agree with defendants that the statute of limitations has run.

The subject matter of the instant indictment arose out of a Department of Commerce administrative finding[2] of August 3, 1949 that Belimex Corporation, the corporation's secretary, and Liebermann had made a number of misrepresentations to the Department of Commerce in June, August, and September of 1948 regarding the ultimate destination of ball bearings to be exported by Belimex from the United States. Specifically, the two individuals and the corporation were found to have represented the ultimate destination of the goods as Belgium whereas they were, in fact, to be transshipped from Belgium to Czechoslovakia.

The Department of Commerce ruled that Belimex and Liebermann be barred from "obtaining, using or participating

---

1. This section now appears as 18 U.S.C. § 1001 (1970):

    Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

2. Authority to make such findings was given to the Department of Commerce by the Export Control Act of 1940.

directly or indirectly in the obtaining or using of export licenses until the expiration of the Export Control Act of 1940," [3] and that defendants' names be published continuously in the "Denial List of the United States Department of Commerce Export Control Regulations," the Department of Commerce blacklist, during that period.

An indictment issued on May 25, 1951 (C 135–276) charging defendants with violating 18 U.S.C. § 80 (1946).[4] A bench warrant was then issued for defendant Liebermann's arrest,[5] but was not executed. In accordance with the policy followed by the Office of the United States Attorney for the Southern District of New York at that time, neither defendant Liebermann nor Belimex was informed of the filing of the indictment and the issuance of the bench warrant, although defendant Liebermann's address was known to the government through the Department of Commerce Denial List.

The 1951 indictment was nolle prossed on October 27, 1964 due to Liebermann's "continuous European residence." [6] On December 6, 1965, the instant indictment, substantially identical to the 1951 indictment, was filed. Another bench warrant for Liebermann's arrest was issued under the new indictment.[7] Again neither defendant received notification of the filing of the indictment and the issuance of a warrant.

According to Liebermann he had no knowledge of either of the indictments filed against him until late in 1968. Throughout the period beginning in 1961 he made repeated extensive efforts to obtain a visitor's visa to come to the

United States,[8] a fact that would tend to substantiate his claim that he was unaware of the charges pending against him here. Although his visa applications were consistently denied, he was unable to learn the reason for the denials except that they were based in part on 8 U.S.C. § 1182(a) (27) (1963), which provided for the exclusion of aliens who, "after entry, might engage in activities prejudicial to the public interest, or endanger the welfare, safety or security of the United States." [9]

Liebermann was first told in late 1968 that an outstanding indictment against him in federal court in New York had been a basis for denial of his visa application. He then sought to ascertain the nature of the indictment and, having succeeded in doing so through his attorney, he subsequently moved in this Court to dismiss the indictment.

Argument was heard on the motion to dismiss on November 2, 1971. Liebermann did not appear, nor was there a representative of Belimex present, but both defendants were represented by counsel, Mark Lebow.

Defendants contended at the hearing that the indictment must be dismissed on the grounds that: 1) the statute of limitations had run before the 1965 indictment was filed; and 2) defendants had been denied a speedy trial in violation of their Sixth Amendment rights.

## II.

The indictment in this case, charging acts committed in 1948, was filed in 1965, after an interval of seventeen years. The statute of limitations must be held to have run by the time de-

---

3. Reply Affidavit of Mark D. Lebow at 4.

4. See note 1, *supra.*

5. No warrant was issued for the corporation.

6. Government's Affidavit in Opposition at 2.

7. No warrant was issued for the corporation.

8. See Reply Affidavit of Mark D. Lebow, Exhibits C through N.

9. Reply Affidavit of Mark D. Lebow, Exhibit H.

fendants were indicted,[10] and the indictment must be dismissed, unless it can be shown that somehow the statute was tolled.

■ As to defendant Liebermann the government contends that the statute pertaining to fugitives from justice, 18 U.S.C. § 583 (1946), operated to toll the statute of limitations, making the 1965 indictment timely.[11] Title 18 U.S.C. § 583 (1946) read, "Nothing in Sections 581 and 582 [three-year statute of limitations] of this title shall extend to any person fleeing from justice."

There are two opposing lines of authority on the subject of fleeing from justice. One holds that both absence of the defendant from the jurisdiction where the crime was committed, and the intent to "flee from justice" must be shown by the government in order for the statute to become operative. Donnell v. United States, 229 F.2d 560 (5th Cir. 1956); Brouse v. United States, 68 F.2d 294 (1st Cir. 1933); Greene v. United States, 154 F. 401 (5th Cir. 1907), cert. denied, 207 U.S. 596, 28 S. Ct. 261, 52 L.Ed. 357 (1907).

Under the rule of the "intent" line of cases, the government has failed to show that Liebermann's continuous European residence was motivated by an intent to avoid prosecution.

The other line of cases, more favorable to the government, holds that absence of the defendant from the jurisdiction is itself sufficient to toll the statute of limitations, without proof that the intent behind his absence was to "flee from justice."[12] King v. United States, 144 F.2d 729 (8th Cir. 1944), cert. denied, 324 U.S. 854, 65 S.Ct. 711, 89 L.Ed. 1413 (1945); McGowen v. United States, 105 F.2d 791 (D.C. Cir. 1939), cert. denied, 308 U.S. 552, 60 S. Ct. 98, 84 L.Ed. (1939); Green v. United States, 188 F.2d 48 (D.C. Cir. 1951), cert. denied, 341 U.S. 955, 71 S.Ct. 1008, 95 L.Ed. 1376 (1951); In re Bruce, 132 F. 390 (D.Md.1904), aff'd sub nom. Bruce v. Bryan, 136 F. 1022 (4th Cir. 1905).[13]

■ All of the cases in this line, requiring no showing of intent, are distinguishable from the case of defendant Liebermann in a critical particular.

---

10. The government and defendants each cite a different statute of limitations said to be applicable to this case, the government referring to the statute in force at the time the alleged offense was committed (18 U.S.C. § 582 (1946), three-year limitation), and defendants citing the statutes currently in force (18 U.S.C. § 3282 (1970), five-year limitation). We express no opinion on which statute is applicable here since the longer statute as well as the shorter one would have run by the time the instant indictment was filed. But see Act of Sept. 1, 1954, ch. 1214 § 12(b), formerly § 10(b), as renumbered by Pub.L. 87–299, § 1, 75 Stat. 648 (Sept. 26, 1961).

11. Government's Memorandum, at 2.

12. Though the government cites a number of cases following this rule, its memorandum states that "construction of the words 'Fleeing from justice' for the purpose of tolling this statute [18 U.S.C. § 582] requires examination of the underlying intention of defendant during the period in which he failed to make himself available for trial." Government's Memorandum, at 2. Thus, the government appears to adopt the rule more favorable to defendants.

13. The rule of this set of cases is stated as follows:

"To be a fugitive from justice, in the sense of the act of congress regulating the subject under consideration, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, he had left its jurisdiction, and is found within the territory of another." The Supreme Court first used that language with regard to the extradition law but afterwards expressly applied it to the statute here involved. Accordingly appellant, when he left the District after committing forgery was "a person fleeing from justice," regardless of his motive in leaving. McGowen v. United States, *supra*, 105 F.2d at 792.

470

Each concerned either 1) a defendant who was present in the jurisdiction at the time the offense charged was committed, and who was later found outside the jurisdiction [14] or 2) a defendant who, although he may have been outside the jurisdiction at the precise time of the commission of the crime, claimed the jurisdiction as his residence, and thus could be expected to have been found there. Defendant Liebermann was not present in the jurisdiction when the crimes charged here were committed, nor did he have his residence in this jurisdiction at any time. Liebermann may not be considered to have *"fled* from justice" when he was never within the jurisdiction of the United States to begin with, except at a time prior to the commission of the offenses charged. He could not have been expected to be found in the United States under any circumstances and thus to presume that his absence from this jurisdiction was due to his "flight from justice" would be unreasonable.

The striking similarity between the instant case as to defendant Liebermann and United States v. Eliopoulos, 45 F. Supp. 777 (D.N.J.1942), cannot be overlooked. In *Eliopoulos* defendants were charged with offenses committed in 1929 through 1930. Indictments were filed in 1941, and defendants moved to dismiss on the grounds that the statute of limitations had run. Defendants had not been in the United States at any time during the commission of the offenses charged, or afterwards, until 1941.

The government invoked the fugitive from justice statute, which was said to have tolled the statute of limitations during defendants' absence from the United States. The Court held:

The provision of section 583 does not come into play in this case because

the question that defendants "fled" the jurisdiction cannot be raised. They were never in the jurisdiction except for a visit by one of them in the year 1919 and apparently pursued their ways on the continent of Europe or elsewhere until they arrived in the United States in 1941.

Had Liebermann received notice of either of the indictments filed against him, and had he then voluntarily remained outside of the jurisdiction, there might be grounds for applying the fugitive statute to this defendant. In fact, Liebermann had no notice of the charges until 1968, although the government could have notified him of the outstanding indictments had it wished to do so.[15] Liebermann made several unsuccessful attempts to visit the United States while the indictments were pending, and to ascertain the reason for the denial of his visa applications. The fugitive from justice statute cannot be invoked by the government under these facts. The statute of limitations must be held to have run, and the indictment must be dismissed.

The government apparently seeks to apply the fugitive from justice statute to defendant Belimex as well, although this defendant was within the jurisdiction of the Southern District of New York from 1947 to the present.

The government's argument is that Belimex has, from the time of the filing of the 1951 indictment, existed merely as a shell, and could only be reached through defendant Liebermann.[16] The government contends that so long as Liebermann was a fugitive, the corporation was a fugitive as well.

■ Assuming without deciding that the government is correct in its assertion that Belimex and Liebermann are

14. See, *e. g.*, text of *McGowen* cited at note 13 *supra*, which speaks of "leaving" the jurisdiction after committing the crime.

15. Liebermann's correct European address was published continuously in the Department of Commerce Denial List.

16. The government has put forth meager proof to support the argument that Belimex is a separate entity from Liebermann. No attempts were made by the government to ascertain whether the corporation had a representative in New York, or to serve Belimex with notice of either the 1951 or the 1965 indictment.

one and the same, and that whether the indictment was timely as to Belimex depends on whether it was timely as to Liebermann, we must dismiss the indictment as to Belimex based on the dismissal as to Liebermann.

The motion to dismiss as to both defendants is therefore granted. Submit order on 3 days notice.