MICHAEL A. LEWIS *vs.* COMMONWEALTH. March 19, 1973. The petitioner was charged in the First District Court of Eastern Middlesex with operation of a motor vehicle while under the influence of a harmful drug, with possession of a harmful drug, and with conspiracy to violate the narcotic drugs law. After trial in which he was represented by counsel, he was found not guilty of operating under the influence. He was found guilty of possession of a harmful drug, and fined $300, which he paid. He was also found guilty of conspiracy to violate the narcotic drugs law, and given an indeterminate sentence in the Massachusetts Correctional Institution, Concord. He did not take an appeal to the Superior Court. He did file a motion for a new trial on the conspiracy complaint, which was denied. Approximately seven months after conviction he brought a petition for writ of error in the Supreme Judicial Court, challenging the validity of his conviction, sentence and commitment on the conspiracy complaint on the basis that the drug involved was a harmful, not a narcotic, drug. The Commonwealth filed a demurrer to the petition, which was sustained by a justice of the Superior Court, to which the case had been ordered transferred. The matter is here on a bill of exceptions, alleging error in the sustaining of the demurrer and in the denial of the petition. The petition for writ of error and assignment of errors attempt to raise the question whether the evidence supported a conviction on the conspiracy complaint. To sustain his position the petitioner maintains that the same evidence supported all three charges, and that it related only to harmful drugs, not to narcotic drugs. There was no error in sustaining the demurrer. A writ of error lies to review matters of law apparent on the record of the court in which the judgment was entered, *Berlandi* v. *Commonwealth,* 314 Mass. 424, 427, and matters of fact not heard and decided at the trial under review. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 376-377. This case involves neither. Ordinarily a writ of error does not lie to review errors as to findings of fact made at a trial, *Blankenburg* v. *Commonwealth, supra,* 376, or "error[s] of law committed in the course of the trial in the [d]istrict [c]ourts." *Mann* v. *Commonwealth,* 359 Mass. 661, 664. See also *Guerin* v. *Commonwealth,* 337 Mass. 264, 268-269. The petitioner does not raise any constitutional question (see *LeBlanc* v. *Commonwealth,* 363 Mass. 171, 173-174) and a

judge is not ordinarily required to permit use of the writ to raise questions which could and reasonably should have been raised at the original trial and for which a trial de novo in the Superior Court was an available remedy. *Richardson* v. *Commonwealth,* 355 Mass. 112, 114-115.

*Exceptions overruled.*

*Max C. Goldberg,* for the petitioner, submitted a brief.

*Wade M. Welch,* Deputy Assistant Attorney General (*Robert H. Quinn,* Attorney General, & *John J. Irwin, Jr.,* Assistant Attorney General, with him) for the Commonwealth.